Argued January 27, demurrer overruled February 3, 1914.

## NATIONAL COUNCIL *v.* McGINN, CIRCUIT JUDGE.

(138 Pac. 493.)

**Judgment—Motions—Orders—Entry Nunc Pro Tunc.**

1. A court may at a subsequent term enter *nunc pro tunc* a judg-
ment or order constituting a record memorial of what was actually
done at a former time, but cannot order entry of a judgment or order
*nunc* which was not in fact entered *tunc.*

[As to the entry of *nunc pro tunc* judgments, see note in 4 Am.
St. Rep. 828.]

**New Trial—Grant by Court—Necessity of Motion.**

2. An order by the court *sua sponte* entered *nunc pro tunc* setting
aside a judgment and granting a new trial is unauthorized.

[As to power of court to grant new trial of its own motion, see
note in Ann. Cas. 1914A, 412.

**Appeal and Error—Right to Appeal—Motion for New Trial.**

3. Under Section 549, L. O. L., providing that any party to a judg-
ment or decree other than one by confession or for want of answer
may appeal therefrom, a motion for new trial is not a condition pre-
cedent to the right to appeal, though a remedy is given by motion for
new trial.

[As to what judgments and when may be appealed from, see
note in 20 Am. St. Rep. 173.]

**Motions—Construction of Order—Distinct Acts.**

4. An order granting time within which to file a motion for new
trial and to file a bill of exceptions, though conjunctive, does not re-
quire both documents to be filed.

**Exceptions, Bill of—Compelling Settlement—Mandamus.**

5. It is no ground for demurrer to an alternative writ of *mandamus*
to compel a judge to settle and sign a bill of exceptions that the bill

offered is not a proper one, the judge's duty being to settle and sign such a bill as he shall adjudge to be proper.

[As to right of private person to *mandamus* to compel performance of duty by court or magistrate, see note in Ann. Cas. 1912A, 1118.]

**Appeal and Error—Bill of Exceptions—Requisites—Incorporating Evidence.**

6. In a bill of exceptions, each particular assignment of error must have grouped with it so much of the testimony, and no more, as is necessary to explain the exception, all the evidence being set out where the alleged error is the overruling of a motion for nonsuit, or it is sought to review a ruling on motion for directed verdict.

**Exceptions, Bill of—Scope and Contents—Report of Evidence.**

7. Article VII, Section 3, of the Constitution, providing that, till otherwise provided by law, upon appeal to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, does not make the report of the testimony a part of the bill.

**Exceptions, Bill of—Settlement—Stipulations.**

8. A judge is not bound to settle an improper bill of exceptions, though the parties have stipulated that it may be settled.

Original proceeding in Supreme Court.

This is an original proceeding in *mandamus* by the National Council of the Knights and Ladies of Security against Henry E. McGinn, Judge of Department No. 3 of the Circuit Court of Multnomah County, Oregon. For cause as to why he has not settled the bill of exceptions, the defendant demurs to the alternative writ.

OVERRULED.

For plaintiff there was a brief over the name of *Messrs. Christopherson & Matthews,* with an oral argument by *Mr. Q. L. Matthews.*

For defendant there was a brief over the name of *Messrs. Littlefield & Smith,* with an oral argument by *Mr. Isham N. Smith.*

In Banc. MR. JUSTICE BURNETT delivered the opinion of the court.

The contention before us arises on a demurrer to an alternative writ of *mandamus* issued out of this court

and directed to the defendant as a judge of the Circuit Court of Multnomah County, commanding him to settle and sign a bill of exceptions in an action pending in that court, wherein plaintiff here was defendant and one Hoffman was plaintiff, or to show cause why he has not done so. The writ recites the judgment rendered October 2, 1913, and an order allowing defendant there, the plaintiff here, "up to and including November 28, 1913, within which to move for a new trial, and within which to serve, file, and settle the bill of exceptions in said action." It narrates a stipulation filed in the Circuit Court November 11, 1913, signed by the attorneys for both parties, to the purport that:

"In this action it is hereby stipulated and agreed by and between the parties hereto and their attorneys that the bill of exceptions herein may consist of a transcript of the whole testimony and all of the proceedings had at the trial, including the exhibits offered, received, and rejected, the instructions of the court to the jury and requested instructions of the respective parties. It is further stipulated and agreed that the bill mentioned may be settled by the court as and for a bill of exceptions in this action, and that plaintiff reserves all rights in the premises and reserves the right to move for a dismissal of the bill herein."

It is stated by the writ in substance, that on November 25, 1913, a bill of exceptions, prepared as stipulated, was served upon plaintiff's counsel, and on the same day it was presented to the judge for settlement. Further, that on December 4, 1913, the settlement and allowance of the bill of exceptions came on for hearing before the court, at which hearing the parties were represented by their respective counsel, and that the judge, defendant herein, after argument of counsel, refused to sign, settle, or allow the bill of exceptions, but then and there made an order in these terms:

"In this action, the defendant herein having served a bill of exceptions and presented the same to this court within the time provided by law, to wit, on the 25th day of November, A: D. 1913, and the allowing and settling of said bill of exceptions having come on regularly for hearing before the court on the 4th day of December, A. D. 1913, defendant appearing by Q. L. Matthews, one of its attorneys, and the plaintiff appearing by I. N. Smith, one of his attorneys, and the court having heard argument of counsel and being fully advised in the premises, refused to sign, settle, or allow said bill of exceptions, and upon its own motion granted the defendant a new trial herein. It is therefore hereby ordered and adjudged, that the defendant be and it is hereby granted a new trial in this action, and the judgment heretofore rendered and entered in favor of the plaintiff and against the defendant is hereby vacated and set aside. It is further ordered and adjudged that this order be and the same is hereby entered *nunc pro tunc* as for November 25, 1913, the date upon which the bill of exceptions herein was presented to the court."

Finally it is stated that the judge examined the bill of exceptions, made no objections to the correctness thereof; that no objection was made or filed by plaintiff's counsel; but that the judge declined to settle the same without specifying any reason therefor, and granted a new trial, as stated above, although no motion had been made by either party for a new trial, all of which was entirely upon the judge's own motion, and was done more than 60 days after the rendition of the original judgment in the action. For cause why he has not settled the bill of exceptions, the defendant demurs to the alternative writ:

In substance, the first ground of demurrer, stated in several forms, is that the judgment from which the plaintiff here seeks to appeal has been set aside and a new trial granted; and, second, that no motion for a

new trial was ever made by plaintiff, and that, in the absence of such a motion, no exceptions can be settled or allowed for any of the reasons specified in the Code as grounds for granting a new trial; further, that the proffered bill, alleged to consist only of the transcript of the stenographer's notes of the testimony and proceedings at the trial, do not constitute a bill of exceptions which it is incumbent upon the defendant to settle or sign; and finally, "that the order granting time for the defendant, plaintiff herein, within which to file its motion for a new trial and to prepare its bill of exceptions was not an alternative, but a conjunctive order, and that, if the said defendant did not intend to move for a new trial, or did not consider that the presentation of the said bill of exceptions was a motion for a new trial, then the order has not been complied with."

1, 2. Upon a proper showing, the court may, at a subsequent term, enter *nunc pro tunc* a judgment or order constituting a record memorial of what was actually done by the court at a former time. Says Mr. Justice BEAN in *Grover* v. *Hawthorne,* 62 Or. 65 (116 Pac. 100, 121 Pac. 804): "When a judgment has been actually rendered or an order made by the court which is entitled to be entered. of record, but, owing to the misprision of the clerk, has not been so entered, the court may order the entry to be made *nunc pro tunc.* But it is not the function of the court to create an order now, which ought to have been passed at a former time. In ordering an entry *nunc pro tunc,* not one jot or tittle should be added to or taken from the original judgment": See *Frederick* v. *Bard,* 66 Or. 259 (134 Pac. 318).

So far as it appears from the recitals in the writ, which, for the purposes of the demurrer, are taken to

be true, the first time any attempt was made by the court to set aside the original judgment was on the date of the entry of the *nunc pro tunc* order, to wit, December 4, 1913. In other words, the court attempted to do on this last date what might have been done, but was not done, at a former time, and not only so, but entered the order *sua sponte.* This last is contrary to the doctrine laid down in *Scott* v. *Ford,* 52 Or. 288 (97 Pac. 99) to the effect that a new trial cannot be granted by the court, unless a party to the action files a motion to that end. Under the authority of *Grover* v. *Hawthorne, supra,* the court cannot rightfully enter a judgment *nunc,* unless in real truth the judgment was rendered *tunc.* The demurrer to the writ, so far as the same depends upon the so-called order *nunc pro tunc,* is not well taken.

3. It was contended at the argument that it was compulsory upon the defendant in the action at law to move for a new trial as a prerequisite to its right to appeal. The cause had proceeded to judgment and it is said in Section 549, L. O. L., "that any party to a judgment or decree other than a judgment or decree given by confession, or for want of answer, may appeal therefrom." This has been the rule of practice in this state for many years, crystallized in the words of the section just quoted. It is plain that when the cause has ripened into judgment a situation results in which the remedy by appeal is available, without reference to the elective remedy of a motion for a new trial in the court of original jurisdiction. Bearing in mind that two statutes relating to the same subject must be construed if possible to harmonize, and that repeals by implication are not favored, we cannot say that, because a remedy against an erroneous judgment

is given by motion for a new trial, it is exclusive of the other remedy by appeal.

4. It is proper here to observe that the order granting time in which to file a motion for a new trial and in which to file a bill of exceptions does not necessarily require that both such documents shall be filed. Indeed, it would seem an abuse of discretion for the court to compel the losing party to file a motion for a new trial as a condition precedent to his right to file a bill of exceptions.

5. It is stated also as a ground of demurrer that the proposed bill does not constitute a proper bill of exceptions, because, as stated, it is a mere rehearsal of all the proceedings at the trial, coupled with a narration by the stenographer of the testimony in the case. The object of this writ is not to compel the defendant to sign the particular bill of exceptions, but to settle and sign what he shall adjudge to be a proper bill of exceptions in the case.

6. The frame of the bill of exceptions is settled by such cases as *Van de Wiele* v. *Garbade,* 60 Or. 585 (120 Pac. 752); *Hahn* v. *Mackay,* 63 Or. 100 (126 Pac. 12, 991); *Redsecker* v. *Wade,* 69 Or. 153 (134 Pac. 5); *Thienes* v. *Francis,* 69 Or. 165 (138 Pac. 490), decided February 3, 1914, to the effect that each particular assignment of error must have grouped with it so much of the testimony, and no more, as is necessary to explain the point of the exception. An apparent deviation from this is found in the necessity of having in the bill of exceptions all the testimony of the plaintiff in cases where the error complained of is the overruling of the defendant's motion for a nonsuit, and in the requirement that all the testimony must be reported where it is sought to review the action of the court on a motion for a directed verdict. In reality the report

of all plaintiff's testimony, when the question is about nonsuit, and of all the testimony for both parties, when the contention relates to a directed verdict, is not an exception to, but is within, the reason of the rule requiring to be set forth only so much and no more of the evidence as may be necessary to explain the point of the exception. The reason is that a motion for nonsuit is practically a demurrer to the evidence of plaintiff, and, if exception is made to the ruling on the motion, it is necessary to explain the point of that particular objection that all of the testimony for the plaintiff be put into the bill under that head. On the same principle, it is necessary to incorporate in a bill of exceptions all the evidence under the head of the objection to the ruling on a motion for a directed verdict, for such a motion proceeds upon the theory that, as a matter to be determined by the court, but one verdict can be lawfully rendered on the whole testimony adduced. The full testimony is therefore necessary to explain the objection on that point. In these two latter instances only, the testimony should be reported as indicated. The record should be stripped of the discussion of counsel, the other objections, and the remarks of the court. In other words, the whole testimony will be considered, when reported in the bill of exceptions, only for purposes of nonsuit and directed verdict. If specific objections to rulings of the court on particular questions propounded to a witness, instructions to the jury, and the like are to be considered, each objection must be accompanied only by so much of the testimony as is necessary to explain the point of exception.

7. What is here said is not intended as a construction of the problematical terms of Article VII, Section 3, of the state Constitution. That section does not

purport to make the report of all the testimony a part of the bill, but only says the report may be attached to the bill. What is obnoxious to the statute and obstructive in the hearing of causes on appeal is to dump into a bill of exceptions all the chatter of garrulous attorneys on captious objections repeated *ad libitum,* with all the remarks of the trial judge necessarily made in ruling on such objections, and then expect any court to take such exceedingly raw material and from it, first, to ascertain what is the real question involved, and next, to properly determine the issue. It is a slovenly practice not contemplated by the statute, and largely accounts for the prevailing congestion in the business of the courts. We cannot say in advance that when he undertakes to settle the bill of exceptions, the learned judge will violate any of these principles. All that can be said is that he is required to settle a proper bill of exceptions.

8. In so doing he is not bound by the stipulation of the parties, if they offer an improper bill, although they may have agreed to the document. The statute is to be respected notwithstanding their agreement. The Circuit Court is to exercise its judgment in applying the mandates of the statute to the proposed bill of exceptions, amending and framing it accordingly; and that is all that can be properly required on the record here.

The demurrer to the alternative writ is overruled.

OVERRULED.