Argued April 26, affirmed May 1, rehearing denied June 12, 1917.

## MISHLER v. EDMUNSON.

(164 Pac. 718.)

**Exceptions, Bill of—Contents.**

1. A literal transcript of all the evidence given on trial, interspersed with remarks and objections of counsel and the statements of the court's rulings, having appended what purports to be the entire charge to the jury, is not a bill of exceptions, and the objections made cannot be considered.

From Lane: JAMES W. HAMILTON, Judge.

This is an action of replevin by A. J. Mishler against J. M. Edmunson, wherein the jury returned a verdict in favor of plaintiff, from which verdict and the judgment rendered thereon, the defendant appeals. Affirmed.

Department 1.   Statement by MR. JUSTICE BURNETT.

Claiming to have purchased from the defendant 184 bales of hops at the price of $3,446.90, upon which he had paid the sum of $1,000, the plaintiff tenders in court the balance and brings replevin to recover the property on the refusal of the defendant to deliver the same to him, laying his damages for the detention at $200.

The answer denies the entire complaint and avers in substance that the $1,000 mentioned constituted the consideration for an option to buy the hops at the price named in the complaint, given on October 19, 1914, and ending on the 24th of the same month, by the terms of which the plaintiff was to forfeit all payments made unless he had paid in full for the property by the expiration of the option period, and that inasmuch as he failed in this, the defendant was compelled to and did dispose of the property to other parties on the

assumption that the plaintiff had determined not to exercise the option.

The reply challenged the entire answer. The jury returned a verdict in favor of the plaintiff and in substance assessed the value of the plaintiff's interest in the property at $1,346.69. From the ensuing judgment the defendant appealed.

AFFIRMED. REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Woodcock, Smith & Bryson* and *Mr. L. R. Edmunson,* with an oral argument by *Mr. A. C. Woodcock.*

For respondent there was a brief over the name of *Messrs. Foster & Hamilton,* with an oral argument by *Mr. R. S. Hamilton.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. What is relied upon by the defendant as a bill of exceptions is nothing else than a literal transcript of all the evidence given at the trial interspersed with remarks and objections of counsel and the statements of the court's rulings. Appended is what purports to be the entire charge of the court to the jury. The errors assigned in the abstract relate only to an instruction of the court on the subject of what constitutes a sale, mingled with counsel's discussion of the same. We must decline to consider the objections thus framed because we have no bill of exceptions. In *Keady* v. *United Rys. Co.,* 57 Or. 325 (100 Pac. 658, 108 Pac. 197), Mr. Justice SLATER compiled to that date the precedents established by this court on that subject laying down the rule very lucidly that a document

framed as the one before us does not constitute a bill of exceptions and declining to consider the questions suggested. Again, in *National Council* v. *McGinn*, 70 Or. 457 (138 Pac. 493), the subject was discussed and the authorities brought down to that time. The principle has been reiterated several times since, but not often enough to require a supplemental compilation. At present it is unnecessary to add to the necrology of such crude attempts to bring before us objections to the decisions of the Circuit Court. It not being apparent that the substantial rights of the defendant were seriously abused, the judgment will be affirmed for want of a proper record upon which to review the same.          AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BEAN concur.