On respondent on review's petition for reconsideration filed February 16; reconsideration allowed July 23, 1996; resubmitted March 7;* former opinion (322 Or 406, 908 P2d 300 (1995))modified; decision of the Court of Appeals affirmed in part and reversed in part, judgment of the circuit court reversed and remanded
March 20, 1997

## GOODYEAR TIRE & RUBBER COMPANY,
### an Ohio corporation,
*Respondent on Review,*

*v.*

## TUALATIN TIRE & AUTO, INC.,
### an Oregon corporation,
*Petitioner on Review.*

### (CC C89-0099CV; CA A73536; SC S41806)
932 P2d 1141

---

* 322 Or 406, 908 P2d 300 (1995); on review from the Court of Appeals, 129 Or App 206, 879 P2d 193 (1994).

James N. Westwood and William H. Walters of Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the petition for reconsideration for respondent on review.

Kim E. Hoyt and Mark E. Griffin, of Ferder, Brandt, Cooper, Hoyt & French, LLP, Salem, filed a memorandum for petitioner on review.

William L. Hallmark and Lindsey H. Hughes, of Hallmark, Keating & Abbott, P.C., Portland, filed a brief for *amicus curiae* Oregon Association of Defense Counsel.

GILLETTE, J.

## GILLETTE, J.

In *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 908 P2d 300 (1995), this court concluded that, in the context of a dispute between Goodyear Tire & Rubber Company (Goodyear) and its franchisee, Tualatin Tire & Auto (Tualatin), the "we can't tell" rule of *Whinston v. Kaiser Foundation Hospital*, 309 Or 350, 788 P2d 428 (1990), does not justify the granting of a new trial on appeal when, by operation of ORCP 63 C, the appellant is deemed to have waived that remedy.[1] In accordance with that ruling, we reversed the decision of the Court of Appeals, which had remanded certain of Tualatin's counterclaims for a new trial.

Goodyear timely petitioned for reconsideration of our decision, arguing that we had misconstrued the effect of ORCP 63 C and that, properly interpreted, that rule does not preclude a new trial in its case. We allowed the petition. On reconsideration, we adhere to our view that ORCP 63 C bars a party from obtaining a new trial on appeal, if that new trial is based on errors that the party asserted as grounds for a judgment notwithstanding the verdict (*j.n.o.v.*) in the trial court, but the party failed in the trial court to move in the alternative for a new trial on the basis of those same errors. However, we further conclude that ORCP 63 C, as we construe it and apply it to the facts of this case, does not operate to deny Goodyear a new trial.[2] We therefore modify our former opinion as it pertains to Goodyear's entitlement to a new trial.

Although this case involves numerous claims and counterclaims, only Tualatin's counterclaims against Goodyear for common-law fraud and for violations of the California Franchise Investment Law (CFIL) and the Oregon Franchise Act (OFA) are presently relevant. Those counterclaims

---

[1] The text of ORCP 63 C is set out below, 325 Or at 50.

[2] On further review of the record, we find that our opinion was written under a mistaken impression of the facts and, as a consequence of that error, may be read to convey more than we intended. It erroneously suggests that, when a party has elected to move for a judgment notwithstanding the verdict (*j.n.o.v.*) on some *particular* issue, any failure to move in the alternative for a new trial will result in the waiver of the new trial remedy on *any* issue. In fact, the effect of ORCP 63 C is not that sweeping.

all are based on the same 13 allegations of misrepresentations by Goodyear to Tualatin. At trial, Goodyear moved to have six of those allegations withdrawn from the jury's consideration. That motion was denied. Later, the jury returned general verdicts for Tualatin on its counterclaims, awarding, respectively, $74,000 on the CFIL claim, $112,000 on the OFA claim, and $260,000 on the common-law fraud claim.

Goodyear moved for a *j.n.o.v.*, arguing narrowly that the *fraud damages* were not supported by the evidence.[3] Goodyear did not move, in the alternative, for a new trial as to that issue. When its *j.n.o.v.* motion was denied, Goodyear appealed, arguing, among other things, that the trial court had erred in denying its motion to withdraw the six allegedly unsupported allegations from the jury's consideration.

The Court of Appeals agreed that the evidence supporting four of the allegations was deficient. Because it could not tell whether the disputed verdicts were based on those evidentiary deficiencies, the court applied the "we can't tell" rule and remanded the common-law fraud, CFIL, and OFA claims for a new trial. *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 129 Or App 206, 213-14, 879 P2d 193 (1994).

On Tualatin's petition for review, we reversed. We concluded that, because Goodyear had moved in the trial court for a *j.n.o.v.*, without joining an alternative motion for a new trial, the remedy of a new trial no longer was available. We based that decision on what we perceived to be the clear meaning of ORCP 63 C from its text and context[4]—the price for failing to move in the alternative for a new trial is a waiver of that alternative *remedy* of a new trial. In settling on that meaning, we rejected an alternative interpretation offered by Goodyear: that ORCP 63 C contemplates only the

---

[3] Our original opinion incorrectly described Goodyear's *j.n.o.v.* motion as asserting that "the six alleged instances of misrepresentation should not have been submitted to the jury." *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 322 Or 406, 409, 908 P2d 300 (1995). That mistake is relevant to this opinion, because it suggests that Goodyear's *j.n.o.v.* motion asserted the same errors that it later asserted on appeal. As we explain below, 325 Or at 53, that was not the case.

[4] ORCP 63 C, like all the Oregon Rules of Civil Procedure, effectively is a legislative enactment, and we employ the analytical procedure set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), to ascertain its meaning.

waiver of the right to *request* a new trial from the trial court and does nothing to alter the inherent authority of trial and appellate courts to *order* a new trial.

In its petition for reconsideration of that decision, Goodyear continues to assert that an ORCP 63 C waiver pertains only to a party's right to ask for a new trial from the trial court. It argues that our contrary view is inconsistent with the rule's wording and fails to take into account certain contextual evidence of the legislature's intent. Goodyear argues, in the alternative, that the rule should not in any event have applied under the facts of the present case.

Although Goodyear's arguments do not convince us that our original construction of the rule was incorrect, they *do* convince us that we applied the rule inappropriately in this case. They also persuade us that a more detailed explanation of our reading of ORCP 63 C is warranted. We therefore begin again from the beginning, looking first at the rule's text and context. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993).

ORCP 63 C provides, in part:

> "A motion in the alternative for a new trial may be joined with a motion for judgment not withstanding the verdict, and unless so joined shall, in the event that a motion for judgment notwithstanding the verdict is filed, be deemed waived."

Goodyear argues, and we agree, that, under the foregoing wording, it is the *motion* for a new trial that is deemed waived. However, we do not agree with the conclusion that Goodyear draws from that wording, *i.e.*, that a party's relinquishment of the right to move for a new trial has no effect on the inherent ability of an appellate court to award a new trial. We believe that, in the circumstances described by ORCP 63 C, the waiver of the motion for a new trial implies a waiver of the new trial remedy itself—at least with respect to the specific errors asserted in the *j.n.o.v.* motion.

■ It is true that, in many circumstances, a party's failure to move for a new trial does not prevent a trial court from ordering a new trial on its own motion, should it consider the record to justify such a step. *See* ORCP 64 G (so providing);

*see also Maulding v. Clackamas County*, 278 Or 359, 362-65, 563 P2d 731 (1977) (describing circumstances in which trial court may order a new trial). It also is true that, in normal circumstances, a party's failure to move for a new trial does not preclude a right to appeal or the derivative right to obtain a new trial on appeal, where that remedy is appropriate. *See National Council v. McGinn*, 70 Or 457, 462-63, 138 P 493 (1914) (existence of remedy by motion for a new trial does not exclude other remedy by appeal). But in those circumstances, a party's failure to move for a new trial establishes nothing about that party's right to receive a new trial as a remedy for the asserted error.

That is *not* the case when a losing party is faced with the join-it-or-lose-it requirement of ORCP 63 C. That rule has an obvious effect: It forces a party who is seeking one remedy for an asserted error—*j.n.o.v.*—simultaneously to inform the trial court whether the party is willing to accept the lesser (and possibly, the only appropriate) remedy, *viz.*, a new trial. The party's failure to move for a new trial at that point establishes that party's unwillingness to accept that remedy for the error asserted in the *j.n.o.v.* motion. The party hardly can complain at a later point that a new trial is necessary to correct the error. After choosing to ask for either the *j.n.o.v.* remedy or nothing, the party loses any legitimate claim to a new trial and thereby waives that remedy on appeal. Put differently—once the trial court has been told, "I want a *j.n.o.v.*, but I don't want a new trial, if that is all that I would be entitled to," it is inappropriate to posit *reversible error* on the trial court's failure to give the very remedy—a new trial—that the party chose not to seek in moving only for *j.n.o.v.*

Of course, if there were some clear evidence in ORCP 63 C that the legislature nonetheless *intended* to insulate litigants from that predictable legal consequence, we would give effect to that intent. But, in the absence of such evidence, we assume that the legislature intended that litigants be held to the natural consequences of their choices. Here, that means that, with respect to the error asserted in the *j.n.o.v.* motion, the right to the *remedy* of a new trial is lost along with the right to *move* for a new trial.

As discussed, we are not persuaded of the contrary position by the fact that the rule speaks in terms of waiver of the motion for a new trial. Neither are we persuaded by the contextual evidence offered by Goodyear and *amicus curiae*. They argue, for example, that our position is contrary to other well-recognized rules of civil procedure that permit trial courts and appellate courts to order new trials without a prerequisite motion for a new trial. *See, e.g.*, ORCP 64 G (authorizing that remedy); ORS 19.020 (as interpreted in *McGinn*, 70 Or at 462-63). We already have distinguished those rules, 325 Or at 51, as rules pertaining to situations in which a party has not affirmatively waived the right to request a new trial for the error asserted in the *j.n.o.v.* motion.

*Amicus* also argues that the term, "motion for a new trial," is used throughout ORCP to refer solely to the *motion* filed in trial court within ten days following entry of judgment (*e.g.*, the ORCP 64 motion for a new trial), rather than to any new trial *procedure*. But, as discussed, we do not disagree: Our construction flows from the predictable legal consequences, in the circumstances, of a failure to file such a motion.

*Amicus* argues, in the alternative, that this court's opinions in *Hillman v. North Wasco Co. PUD*, 213 Or 264, 323 P2d 664 (1958), and *Varley v. Consolidated Timber Co.*, 172 Or 157, 139 P2d 584 (1943) are contrary to our construction. In particular, *amicus* argues that, when read in combination with *Varley*, *Hillman* suggests that ORCP 63 C (or, more precisely, its predecessor, ORS 18.140 (1957)) was enacted solely for the purpose of permitting appellate courts to address *j.n.o.v.* motions and new trial motions in the *same appeal* (and, presumably, that a rule enacted for that narrow purpose would not have been intended to have the effect that we have held it to have).

*Hillman* and *Varley* are not relevant to the issue at hand. Those cases *do* suggest that the legislature, when drafting *former* ORS 18.140, had in mind a particular purpose, *i.e.*, to require trial courts to rule on *both* motions when alternative new trial and *j.n.o.v.* motions are filed. But those

cases do *not* speak to the purpose or effect of the *waiver* requirement.

■ Ultimately, then, there is nothing in the text or context of ORCP 63 C that suggests an intent to shield litigants from the consequences of their tactical decision. We therefore adhere to our previously announced view that ORCP 63 C means that, when a party raises a particular error in a *j.n.o.v.* motion, but fails to move in the alternative for a new trial, it waives the right to obtain a new trial on appeal on the basis of *that error*. That waiver is effective even against the ordinary operation of *Whinston*'s "we can't tell" rule.

■ We turn to the facts of the present case. As indicated, our prior decision, holding that Goodyear was not entitled to a new trial, resulted from an erroneous impression of the facts. *See* 325 Or at 48 n 2 above. Goodyear moved for *j.n.o.v.* on one limited ground—that the *fraud damages* were not supported by the evidence. But the Court of Appeals did not invoke the "we can't tell" rule for that claim of error. Rather, it accepted Goodyear's argument on another theory, *viz.*, that there was no evidence to support four of Tualatin's 13 allegations of misrepresentation, and remanded for a new trial, because it could not tell which of the allegations the jury relied on in reaching its general verdict of fraud.

That was a proper application of the *Whinston* rule. As clarified in the foregoing discussion, Goodyear's failure to move in the alternative for a new trial operated as a waiver of the remedy of a new trial *only with respect to the error relative to fraud damages raised in its j.n.o.v.* motion. On its different claim of error, respecting the issue of unsupported allegations of misrepresentation, the Court of Appeals was correct in remanding for a new trial. We were mistaken in holding otherwise in our prior opinion.

■ Our modified disposition of the first issue addressed in our prior opinion does not impel a modification of the second. For the reasons stated in that opinion, we continue to hold that a right to trial by jury exists in actions filed under the remedies provision of the Oregon Franchise Act (OFA). ORS 650.020.

Former opinion modified. The decision of the Court of Appeals is affirmed in part and reversed in part. The judgment of the circuit court for Tualatin Tire on fraud, California Franchise Investment Law, and Oregon Franchise Act claims is reversed and remanded.