Argued and submitted March 7, reversed and remanded July 2, 1997

## STATE OF OREGON,
by and through its
## DEPARTMENT OF FORESTRY,
*Appellant,*

*v.*

## LOUISIANA-PACIFIC CORPORATION,
a Delaware corporation,
*Respondent.*

(94CV0676; CA A90625)

941 P2d 1052

John T. Bagg, Assistant Attorney General, argued the cause for appellant. With him on the briefs were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

James N. Westwood argued the cause for respondent. With him on the brief were John F. Neupert and Miller, Nash, Wiener, Hager & Carlsen LLP.

Charles F. Adams and Stoel Rives LLP filed an *amicus curiae* brief for Oregon Forest Industries Council.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Department of Forestry (the Department) brought this action to recover expenses that it incurred to suppress a forest fire that began, allegedly as the result of defendant Louisiana-Pacific Corporation's (L-P) negligence, on land that L-P owns and operates. The trial court held that, because L-P had made the statutorily required payments described in ORS 477.281, that statute granted it immunity from any additional liability for suppressing fires on its land, whatever their cause. The court therefore granted L-P's motion for summary judgement. We reverse.

The parties treat the allegations of the Department's complaint as true for the purposes of L-P's motion for summary judgment. According to those allegations, L-P burned slash on property that it owned within the boundaries of the Northeast Oregon Protection District. The fire smoldered until, as the result of L-P's negligence in several particulars, it escaped from L-P's land and burned uncontrolled on other forestlands. The Department spent $638,881.82 to control and extinguish the fire.

The Department's claim to recover the cost of extinguishing the fire is based on several provisions of ORS chapter 477, while L-P's claim of immunity is based on ORS 477.281. Those provisions are among a number of statutes that establish various duties, create various entities and impose various financial obligations, all related to controlling fires on forestland. Those statutes originated at different times, beginning early in this century, and have been amended on a number of occasions. They are collected in ORS chapter 477 and together provide the context for determining the meaning of the specific provisions. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). We will first describe some of the statutes in order to explain how ORS 477.281 fits into the overall legislative scheme.

The first portion of chapter 477 defines the duties that individual owners have to control fires on forestland and the liabilities of owners and operators on forestland when fires burn out of control. ORS 477.064 provides that any

uncontrolled fire on forestland, whatever its origin, is a public nuisance. ORS 477.066(1) requires owners and operators on forestland on which a fire exists, or from which it has spread, to proceed to control and extinguish it immediately upon learning of the existence of the fire. ORS 477.066(2) permits, among others, the state forester[1] or a forest protective association to control and extinguish an uncontrolled fire. Finally, if the owner or operator on the forestland fails to perform its duties under ORS 477.066, or if the owner or operator is willful, malicious, or negligent in the origin or spread of the fire, it is liable for the costs of controlling and extinguishing the fire. ORS 477.068(1).

These statutes create similar obligations both for an "owner," ORS 477.005(17),[2] of the property and for an "operator," ORS 477.005(16), on it.[3] The statutory distinction between those who passively own forestlands and those who actively conduct operations on it, however, plays an important role in other statutes, and as we will see, is decisive in understanding the statute on which L-P relies.

The other relevant statutes in chapter 477 involve protecting against or collectively combating fires on forestland. An owner of forestland must provide adequate protection against the starting or spread of fire during every season of the year when there is a danger of fire. ORS 477.210(1). The owner may do so in one of several ways: (1) It may file an approved forest protection plan with the state forester. ORS 477.210(2)(a). (2) It may become a member of an approved forest protective association. ORS 477.210(2)(b). (3) If the owner does neither of these things, the state forester will provide protection through a forest protection district, ORS

---

[1] For the purposes of this opinion, we will not distinguish between statutory references to the state forester and to the forester's authorized representative.

[2] ORS 477.005(17) defines "owner" to mean "an owner, easement holder or person in control or possession of land."

[3] ORS 477.005(16) defines "operator" to mean any person who, personally or through employees or other representatives, "is carrying on or has carried on any operation." ORS 477.005(14) defines "operation" to mean "any industrial activity * * * on forestland," including logging, thinning, and pruning.

477.210(3), (4); ORS 477.220 *et seq*. In addition, the state forester and a forest protective association may enter into cooperative agreements, with each other or with other public or private entities, to prevent and suppress fires. ORS 477.406.

ORS 477.120 provides a limited immunity from liability for the Department's costs in suppressing forest fires when the owner of the forestland has fulfilled its obligations under ORS 477.210. Under that statute, neither an owner nor an operator is subject to the obligations or penalties of ORS 477.064, ORS 477.066 or ORS 477.068 if (1) forest patrol assessments are regularly paid for the forestland, or (2) the forestland is protected by membership in an active forest protective association under ORS 477.210, or (3) the forestland is protected pursuant to an agreement under ORS 477.406. ORS 477.120(1). The owner or operator remains liable without limit, however, if it is at fault and remains liable up to $300,000 if the fire is the result of the owner or operator's action, without regard to fault. ORS 477.120(2), (3), (4).

■       ORS 477.120, thus, ties immunity to complying with an owner's basic fire prevention duties. Once the owner has complied, the statute extends immunity not only to the owner of the forestland but to any operator on the land. However, because the immunity is either limited or nonexistent when the fire is the result of an operation, the statute retains the operator's liability in many circumstances. L-P does not assert that it is entitled to immunity under ORS 477.120, and, given the nature of the Department's allegations, it could not do so at this time.

In addition to the forest protective associations and forest protection districts described in ORS 477.210 and ORS 477.225, the state has also established the Oregon Forestland Protection Fund with a reserve base of $15 million. The purpose of the fund is to equalize emergency fire suppression costs among the various forest protection districts. ORS 477.750; ORS 477.755. The state raises the money from a number of designated assessments and taxes, which it may increase, if necessary, in order to maintain the reserve base at the required level. ORS 477.760.

ORS 477.281, the statute on which L-P relies for its claim of immunity, is directly tied to the fund. ORS 477.281 provides:

> "The liability of *an owner* of timberland or grazing land for payment of costs of fire suppression is limited to the payment of moneys pursuant to ORS 321.015(2), 477.277, 477.295, 477.760(4) and 477.880 to maintain the Oregon Forestland Protection Fund reserve base at $15 million and for the payment of forest protection district assessment pursuant to ORS 477.205 to 477.291." (Emphasis supplied.)

Thus, L-P's payment of the taxes and assessments that are designated for the fund, and for the forest district assessment, will give it whatever immunity this statute provides.[4] The Department suggests that ORS 477.281 only immunizes an owner from any additional obligations to provide the base fire protection services that the various taxes and assessments fund provide. The statute, it argues, does not immunize an owner from the consequences of its own negligence or other fault. It asserts that ORS 477.281 was adopted as part of an act whose purpose was to place the fund on a sound footing after two extraordinarily expensive fire years and that the same legislature expressly retained the fault-based exceptions to immunity that ORS 477.120 provides. *See* Or Laws 1989, ch 769, § 9 (adopting ORS 477.281); Or Laws 1989, ch 615, § 1 (amending ORS 477.120).

We do not need to discuss all of the possible meanings and effects of ORS 477.281 to decide this case. As the emphasized language indicates, that statute is expressly limited in a way that ORS 477.120 is not. ORS 477.281 grants immunity only to owners of forestlands, not to operators on them. L-P is the owner of the land in question, but the Department's complaint does not attempt to hold it liable solely in that status. Rather, it alleges that L-P was the "owner and operator" of the land. It then alleges that L-P negligently caused the fire in the course of burning slash on the land. Burning slash meets that statutory definition of an "operation." ORS 477.005(14). L-P is sought to be held liable as an

---

[4] L-P recognizes that it did not include proof of all of the necessary payments in supporting its motion for summary judgment and that, if we accept its view of the law, it will be necessary to remand so that it can complete its proof.

"operator" rather than as an "owner" with regard to the fire. As a result, it is not protected by the immunity provided in ORS 477.281.

■ The definition of "owner" in ORS 477.005(17) refers solely to the person who holds title to or an easement over the land or who is in actual control or possession of it. ORS 477.281 thus provides immunity to a passive owner who complies with statutory requirements to support fire prevention and control activities, thereby supplanting the obligation that the owner would otherwise have to suppress fires on the land, whatever their cause. ORS 477.066. The statute does not apply to an owner to the extent that it also becomes an active operator on the land. A passive owner is unlikely to be directly responsible for an uncontrolled fire, and the legislature decided that such an owner should have its liability expressly limited; nothing suggests that it intended that limitation to apply to an owner who engages in operations that create a risk of fire.

■ L-P suggests that, because owners contribute to the fund while operators do not, the legislature intended to give owners the complete immunity that it denied to operators who are not also owners. Nothing in the definitions of the terms that the legislature used supports that argument. Rather, the legislature defined an "owner" in purely passive terms, while it defined an "operator" as one who conducts activities on the land. Under those definitions, an owner who leaves a purely passive role and becomes an operator must rely on ORS 477.120 for any immunity from liability. Because the Department alleged facts that show that L-P acted as an operator and that it was negligent in that capacity in allowing the fire to spread, L-P is not, on this record, entitled to immunity as a matter of law. The trial court erred in holding otherwise.

Reversed and remanded.