Argued and submitted November 10, 1999, affirmed March 15, 2000

STATE OF OREGON,
by and through its
DEPARTMENT OF FORESTRY,
*Appellant,*

*v.*

LOUISIANA PACIFIC CORPORATION,
*Respondent.*

(CV940676; CA A101925)

999 P2d 487

Denise Fjordbeck, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and John T. Bagg, Assistant Attorney General.

Bruce L. Campbell argued the cause for respondent. With him on the brief were John F. Neupert and Miller, Nash, Wiener, Hager & Carlsen LLP.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff, the State of Oregon Department of Forestry (Department), appeals from an adverse judgment, following a jury trial, in an action in which Department unsuccessfully sought to recover its costs associated with the suppression of a fire that·originated on property owned by defendant, Louisiana Pacific Corporation (LP). ORS 477.120(2)(a) and (b) (1995).[1] The Department assigns error to the denial of its request for a court trial and to the exclusion of evidence of other fires on LP's lands. We affirm.

In June 1992, the "Blue Kettle Ridge fire" started on LP's forestlands in Umatilla County and spread onto neighboring lands that were not owned by the state. LP was unable to suppress and extinguish the fire. Consequently, the Department, pursuant to ORS 477.066(2) (1995), acted to control and extinguish the fire, incurring suppression costs of $638,881.82.

In February 1994, the Department brought this action to recover fire suppression costs pursuant to ORS 477.068(1) (1995) and ORS 477.120(2) (1995). In its operative first amended complaint, the Department asserted that LP was liable for the suppression costs on either of two alternative grounds: (1) LP was negligent in the "origin or spread" of the fire, ORS 477.068 (1995), ORS 477.120(2)(a) (1995); or (2) the fire was caused by an "operation" conducted by LP on its property. ORS 477.120(2)(b) (1995).[2] LP answered, denying liability and counterclaiming for its attorney fees.

---

[1] The 1995 version of ORS chapter 477 is the operative version of the statute here. In 1997, the statute was amended. Those amendments are not relevant to this appeal.

[2] ORS 477.120 (1995) provided, in part:

"(1) Except as provided in subsections (2) and (3) of this section, the owner or operator of forestland is not subject to the obligations or penalties of * * * 477.064, 477.066 and 477.068 if:

"* * * * *

"(2) The provisions of subsection (1) of this section do not apply to such owner or operator if the owner or operator:

"(a) Is willful, malicious or negligent in the origin or subsequent spread of a fire on such forestland;

"(b) Has caused or permitted an operation to exist on such forestland and a fire originates thereon as a result of the operation[.]"

Thereafter, LP moved for summary judgment. The trial court granted LP's motion for summary judgment on grounds of statutory immunity under ORS 477.281 (1995), and we reversed and remanded for trial. *Dept. of Forestry v. Louisiana-Pacific Corp.,*149 Or App 22, 941 P2d 1052 (1997). Before trial, the Department filed an ORCP 51 (C)(2)[3] motion requesting a trial to the court. The Department argued that "no right to a trial by jury exists for the parties in this matter under any statute or the [Oregon] Constitution." LP opposed that motion, contending that "plaintiff's action at its core is an action for negligence, an action at law requiring a jury." The trial court denied the motion without comment.

LP also filed a pretrial motion, seeking to preclude the Department from introducing evidence of certain other fires that occurred on other LP property. The trial court granted that motion, rejecting the Department's arguments that that evidence was relevant to show that LP was negligent in failing to take proper precautions in burning slash.

The case was then tried to a jury. At the close of all of the evidence, the court granted LP's motion for a directed verdict against the Department's allegation that LP was liable for suppression costs under ORS 477.120(2)(b) (1995), because there was no evidence that the fire was caused by LP's ongoing operations.[4] The jury ultimately returned a verdict for LP, and the court entered judgment, including an award of attorney fees, for LP.

---

[3] ORCP 51 provides, in part:

"C The trial of all issues of fact shall be by jury unless:

"C(1) The parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial without a jury; or

"C(2) The court, upon motion of a party or on its own initiative, finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of this state.

"D In all actions not triable by right to a jury, the court, upon motion of a party or on its own initiative, may try an issue with an advisory jury or it may, with the consent of all parties, order a trial to a jury whose verdict shall have the same effect as if trial to a jury had been a matter of right."

[1] The Department does not assign error to that ruling.

On appeal, the Department raises two assignments of error. First, the trial court erred in denying the Department's motion for a trial to the court. Second, the court erred in excluding the Department's evidence of other fires on LP's property. We reject, without further discussion, the Department's challenge to the court's evidentiary ruling and focus, exclusively, on the Department's alleged entitlement to a trial to the court.

The Department asserts that, because the recovery of "cost[s] of fighting a fire under [the Forest Protection Act] is a matter of restitution,* * * traditionally a subject for an equitable remedy," a claim for such costs is properly tried to the court, and not to a jury. In a related sense, the Department argues that, under the Oregon Constitution, there is no entitlement to a jury trial of such claims because disputes regarding the sovereign's recovery of fire-suppression costs was not one of the "classes of cases [for] which the right [to a jury trial] was customary at the time the constitution was adopted." *Moore Mill & Lbr. Co. v. Foster*, 216 Or 204, 336 P2d 39 (1959). LP counters that it was entitled to a jury trial because the gravamen of the Department's claim under ORS 477.120(2)(b) (1995) was negligence and the remedy the Department seeks, regardless of how denominated, is, in reality, a judgment for damages. Thus, LP asserts, this is quintessentially the sort of claim that was customarily tried to a jury at the time that the Oregon Constitution was adopted.[5]

In determining whether a statutorily based claim is to be tried to the court or to a jury, we engage in a two-step inquiry:

"First, we determine whether the legislature intended by [the statute] to provide a trial by jury. Second, and only if we determine that the legislature did not intend to provide a jury trial, we determine whether a jury trial nonetheless is required by Article I, section 17, or Article VII (Amended), section 3, of the Oregon Constitution. *See, e.g., Zockert v. Fanning*, 310 Or 514, 520, 800 P2d 773 (1990)

---

[5] LP also asserts that, even if the Department was somehow entitled to a trial to the court, any error was harmless because the Department cannot show prejudice. Given our disposition, we do not reach that issue.

(when a statute resolves the issue in the case, this court will not reach a constitutional claim)." *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto,* 322 Or 406, 414, 908 P2d 300 (1995), *adhered to* 325 Or 46, 53, 932 P2d 1141 (1997).

Here, as noted, the parties generally pitch their arguments in constitutional terms. However, as amplified below, we resolve the question at *Goodyear*'s first, statutory level: We conclude that the Forest Protection Act confers a right to a jury trial when the Department institutes an action to recover costs under ORS 477.068(1) (1995).

*Goodyear* frames the analysis—and is, in many material respects, closely analogous. In *Goodyear,* the court considered whether there was a right to a jury trial under the Oregon Franchise Act (OFA). ORS 650.005 to ORS 650.085. In determining whether the statutory scheme conferred an entitlement to a jury trial, the court applied the interpretation methodology of *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). After examining the statutory text, the court observed that the statute "does not expressly grant a right to trial by jury." *Goodyear,* 322 Or at 415. Nevertheless, "such express authority is not necessary * * * as long as [the] legislative intent is clear." *Id.*

The court then proceeded to a contextual examination of the statute's historical evolution, focusing particularly on the content of ORS 650.020. Although the court ultimately concluded that, because of other ambiguities, context was not conclusive, its discussion of the OFA's use of the term "action" in ORS 650.020 is highly instructive in this case.

The plaintiff's claim in *Goodyear* was governed by the 1979 version of ORS 650.020, which provided, in part:

"(1) Any person who sells a franchise is liable as provided in subsection (3) of this section to the franchisee if the seller:

"(a) Employs any device, scheme or artifice to defraud; or

"(b) Makes any untrue statement of a material fact or omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

"(2) It shall be an affirmative defense to *any action for legal or equitable remedies* brought under subsection (1) of this section if the franchisee knew of the untruth or omission.

"(3) The franchisee may recover any amounts to which the franchisee would be entitled upon *an action for a rescission,* reasonable attorney fees at trial and on appeal and court costs."[6] (Emphasis added.)

The original version of the statute, enacted in 1973, provided, in part:

"(2) It shall be an affirmative defense to any *action or suit* brought under subsection (1) of this section if the franchisee knew of the untruth or omission.

"(3) The franchisee may recover any amounts to which he would be entitled *upon a suit in equity for a rescission,* reasonable attorney fees at trial and on appeal and court costs." ORS 650.020 (1973) (emphasis added).

The court in *Goodyear* focused on the significance of "action" in the 1979 version, and "action or suit" in the original 1973 version. The court began by noting the historical content and distinction between "action" and "suit":

"Because some background is necessary to a proper understanding of the text of ORS 650.020, we address, briefly, the historical context of the statute. ORS 650.020 was originally enacted in 1973, before Oregon's adoption of the Oregon Rules of Civil Procedure (ORCP). At that time, Oregon maintained the distinctions between 'suits in equity' and 'actions at law.' One of those distinctions was the common law rule that 'suits in equity' were tried to the court, while 'actions at law' were triable to a jury. The legislature's use of the terms, 'suits' and 'actions,' became an important indication of legislative intent with respect to procedure.

"On the adoption of the ORCP in 1979, the legislature abolished many procedural distinctions between 'suits' and 'actions.' " *Goodyear,* 322 Or at 415 (quoting ORCP 2 and Council on Court Procedures Commentary) (citations omitted).

---

[6] ORS 650.020(3) has since been amended: Or Laws 1995, ch 696, § 40.

The court then concluded that the statute's original and continuing use of "action" was, at least, indicative of a legislative intent that OFA claims were to be legal claims, with a concomitant right to a jury trial. Nevertheless, the statute's reference to amounts recoverable "upon a suit in equity for rescission" created an ambiguity that required resort to legislative history:

"Like many other statutes, ORS 650.020 (1973) was amended in 1979 to eliminate references to law and equity. * * *

"* * * * *

"Although use of the terms 'actions at law' and 'suits in equity' generally was deleted in 1979, the legislature's use of those terms of art indicates the legislature's original intent with respect to a right to trial by jury under the statute. Because the 1979 revisions to ORS 650.020 do not purport to change the legislature's original intent with respect to jury trials, we examine the original wording to gain any insight that it may provide.

"From its wording, section (3) of ORS 650.020 (1973) might be construed to limit actions under the statute to 'suit[s] in equity for a rescission'—a type of proceeding for which a jury trial was not available. On the other hand, that section might be construed as a limitation on damages. Under the latter interpretation, a defrauded franchisee could bring an action *at law*, but would only be entitled to recover *'amounts to which [the franchisee] would be entitled* upon a suit in equity for a rescission * * *.' ORS 650.020(3) (1973) (emphasis added).

"The latter interpretation is consistent with section (2) of ORS 650.020. That section provides an affirmative defense against equitable *or* legal claims made under the OFA. If the legislature had intended to permit only equitable claims for rescission, then the provision of an affirmative defense to claims *at law* would not have been necessary.

"Given the two foregoing interpretations, which are reasonable but antithetical, it is not clear, from the text and context of ORS 650.020, whether the legislature intended to provide the right to a trial by jury for claims under the OFA." *Goodyear*, 322 Or at 416-17 (emphasis in original).

Ultimately, the court concluded that the legislative history demonstrated that the statutory references to "suits in equity" were not intended to prevent a franchisee from obtaining a "trial by jury" but were, instead, "intended to limit the amount of damages that could be recovered." *Id.* at 419.

As we understand *Goodyear,* where statutory references to "actions" antedate the enactment of the Oregon Rules of Civil Procedure, those references are strong evidence that the legislature intended to afford jury trials for claims arising under those statutes. Indeed, *Goodyear* implies that, but for the reference to "suits in equity" in ORS 650.020(3), the statute would have been unambiguous in that regard.

We return to the Forest Protection Act, ORS 477.001 *et seq.* The Department's claim for recovery of fire suppression costs arises under ORS 477.068(1) (1995). ORS 477.068 (1995) read, in pertinent part, as follows:

> "(1)  In case an owner or operator fails to perform the duty required by ORS 477.066, or is willful, malicious or negligent in the origin or subsequent spread of the fire, the actual cost incurred by the forester or a forest protective association or agency in controlling or extinguishing the fire shall be paid by the owner or operator within 90 days after the date on which the first written demand for payment of the actual cost is mailed by the State Forester to the owner or operator. *If the actual cost is not paid within such 90-day period, such amount shall bear interest at 10 percent per year from the date on which the first written demand for the payment of the actual costs was mailed by the State Forester and the actual cost together with such interest may be recovered from such owner or operator by an **action** prosecuted in the name of the State of Oregon, or such forest protective association or agency, or both.*

> "* * * * *

> "(3)  The actual cost in cases covered by ORS 477.066 shall constitute a general lien upon the real and personal property of such owner or operator. A written notice of the lien, containing a description of the property and a statement of the actual cost, shall be certified under oath by the forester or any warden and filed in the office of the county clerk of the county in which the lands and personal property

are situated within six months after the calendar year within which the fire originated, and may be foreclosed in the manner provided by law for foreclosure of liens for labor and material. *In any* ***proceeding*** to foreclose a lien created under this subsection, recovery for the plaintiff shall include, in addition to the amount of the actual cost, interest on such amount at the rate of 10 percent per year from the date of the filing of the written notice of the lien.

"(4)   Upon request of the forester, the district attorney for the district in which the lands and personal property are situated or the Attorney General *shall prosecute such* ***action*** or foreclose the lien in the name of the State of Oregon or such forest protective association or agency, or both. Liens provided for in this section shall cease to exist unless suit for foreclosure is instituted within six months from the date of filing under subsection (3) of this section.

"(5)   In *any* ***action*** under subsection (1) of this section to recover actual cost *and in any* ***proceeding*** to foreclose any lien created by subsection (3) of this section, the court shall award, in addition to costs and disbursements, reasonable attorney fees at trial and on appeal to the prevailing party." (Emphasis added.)

Thus, as in *Goodyear*, the statute does not expressly confer a right to trial by jury. Nonetheless, the text does explicitly and consistently distinguish between two remedial mechanisms: (1) an "action" to recover suppression costs (subsection (1)); and (2) imposition of a lien for suppression costs and "proceedings" for foreclosure of that lien (subsection (3)). Moreover, as in *Goodyear*, that textual and functional distinction long antedated the enactment of ORCP 2.

The original antecedent of the Forest Protection Act was enacted in 1893, Laws of Oregon §§ 1-7, p45 (1893) but the first provision describing the state's entitlement to recover fire suppression costs was not enacted until 1925. That statute provided:

"Any fire on any forest land in the state of Oregon burning uncontrolled and/or without proper precaution being taken to prevent its spread is hereby declared a public nuisance. The owner or person in possession of such land, whether or not responsible for the starting of such fire, is hereby required to make every possible effort to control and

extinguish it immediately [when] the existence of said fire comes to his knowledge, without awaiting instructions from the forester or a warden, or ranger, and if such owner or person in possession shall refuse, neglect or fail so to do, the forester, or any warden acting under his authority, or any United States forest officer, may summarily abate the nuisance thus constituted by controlling or extinguishing the fire, *and the cost thereof may be recovered from such owner or person in possession by **action for debt*** prosecuted in the name of the state of Oregon; and, if the work is performed on the land of such owner, such cost shall constitute a lien upon said property. A written statement and notice of such lien, containing a description of such land and a statement of such cost, shall be filed by the forester or any warden in the office of the county clerk of the county in which the lands are situated within sixty (60) days after the extinguishment of the fire, and may be *foreclosed by **suit*** in the manner provided by law for the foreclosure of liens for labor and material. Upon the request of the forester, it shall be the duty of the district attorney for the district in which the lands are situated *to prosecute such **action for debt*** or to foreclose such lien in the name of the state of Oregon. Liens provided for in this act shall cease to exist *unless **suit*** for foreclosure of the same be instituted within (6) months from the date of the filing of the same; provided, however, that if the owner of such land regularly pays a fire patrol assessment, and/or is a member in good standing of an association which has undertaken the control and suppression of fires on his land, and such association is actually engaged in the control and suppression of any fire entering upon or which may be burning on his land, the owner shall not be liable under section 10 of this act or be held as maintaining a nuisance as defined in this section." General Laws of Oregon, ch 281, § 11, p 520 (1925) (emphasis added).[7]

---

[7] In *Silver Falls Co. v. E. & W. Lbr. Co.*, 149 Or 126, 40 P2d 703 (1935), the court addressed the substantive meaning of "action for debt," as used in a separate statute allowing private landowners to recover for injury to property and suppression costs:

"The expenses incurred in protecting property from an invading fire caused by another's negligence have been recoverable in the past without the assistance of any statutory enactments, these being deemed merely items of recoverable damages: Sutherland, *Damages* (4th ed) § 88. * * * We believe that the legislature used this term in its popular sense and intended to provide that the sums expended become a liability which the wrongdoer can be compelled to pay. We are, therefore, of the opinion that these expenses constituted an item of damages * * *." 149 Or at 155.

Thus, as originally enacted, the statute unambiguously distinguished between an "action for debt" and imposition of a lien and foreclosure of that lien by "suit." Given the then well-established and commonly understood content of those terms, *see Goodyear,* 322 Or at 415, the legislature's use of "action" expressed a clear intent that, where the state sought to recover a money judgment for suppression costs, that claim was legal, not equitable, and was, thus, triable to a jury. *Id.* at 416 ("[T]he legislature's use of those terms of art indicates the legislature's original intent with respect to trial by jury under the statute.").[8] In contrast to *Goodyear,* nothing in the statute's text or context suggests a contrary intent creating any ambiguity.

We thus conclude that the text and context of the statute express the legislature's intent to provide for a jury trial in any action by the Department to recover a money judgment for fire suppression costs, based on a landowner's alleged negligence. The trial court did not err in denying the Department's motion for a trial to the court.

Affirmed.

---

[8] *Cf. Thompson v. Coughlin,* 329 Or 630, 640, 997 P2d 191 (2000) (trial court erred in denying the defendant's demand for jury trial where gravamen of the plaintiff's complaint was "a demand for a judgment for a specified sum of money determinable without any formal equitable accounting").