Argued March 2, affirmed June 24, 1976
See Vol. 22 Or App 436 for Court of Appeals opinion

STATE HIGHWAY COMMISSION, *Respondent,*
*v.*
DeLONG CORPORATION et al, *Petitioners.*

551 P2d 102

*Farrand M. Livingston* and *Arden E. Shenker,* Portland, argued the cause for petitioners. With them on the briefs were Tooze, Kerr, Peterson, Marshall & Shenker.

*Leslie B. Hampton,* Assistant Attorney General, Salem, argued the cause for respondent. With him on

the briefs were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General.

McALLISTER, J.

(For Court of Appeals opinion, see 22 Or App 436, 539 P2d 1100 (1975).

## McALLISTER, J.

The State of Oregon brought a declaratory action for damages, plus interest, in the Circuit Court for Marion County against DeLong Corporation and its surety, Travelers Indemnity Company. On May 23, 1969 the court entered a judgment in favor of plaintiff and against both defendants, which, in pertinent part, provided as follows:

"3. Plaintiff shall be and hereby is granted judgment against the defendants and each of them in the amount of $1,719,864.19, bearing interest at the rate of 6% per annum on the respective portions thereof from the respective dates set forth below:

| AMOUNT | Bearing Interest From: |
| --- | --- |
| $ 278,554.38 | June 22, 1965 |
| 602,720.42 | July 19, 1965 |
| 242,647.01 | Aug. 27, 1965 |
| 21,062.83 | Oct. 26, 1965 |
| 19,719.74 | Nov. 18, 1965 |
| 69,412.50 | Nov. 24, 1965 |
| 9,356.05 | Dec. 16, 1965 |
| 8,283.31 | Feb. 7, 1966 |
| 3,691.50 | Feb. 15, 1966 |
| 6,346.20 | Mar. 14, 1966 |
| 3,266.00 | Apr. 14, 1966 |
| 117,114.86 | Aug. 29, 1966 |
| 7,807.76 | Sept. 14, 1966 |
| 4,151.23 | Sept. 16, 1966 |
| 78,615.55 | Oct. 22, 1966 |
| 73,172.59 | Nov. 22, 1966 |
| 9,720.54 | Dec. 22, 1966 |
| 2,800.37 | Feb. 15, 1967 |
| 156,534.88 | Mar. 16, 1967 |
| 4,886.47 | Apr. 5, 1967 |

$1,719,864.19

"4. Plaintiff shall be and hereby is granted judgment against the defendants and each of them in the further sum of $952,000.00, *without interest prior to judgment;*" (emphasis added).

[ 353 ]

The judgment also awarded plaintiff an attorney's fee of $250,000 and $1,951.09 as its costs.

The judgment was affirmed by the Court of Appeals, *State Highway Com. v. DeLong Corp.*, 9 Or App 550, 495 P2d 1215 (1972). This court denied review November 8, 1972. The United States Supreme Court denied certiorari (*DeLong Corporation et al v. State of Oregon*, 411 US 965, 36 L Ed 2d 684, 93 S Ct 2142 (1973)).

On June 11, 1973, Travelers Indemnity Company, on behalf of DeLong, paid plaintiff the sum of $4,036,540.80, which was the total amount of the judgment of $1,719,864.19, plus interest at the rate of six per cent per annum on the "respective portions [of the judgment] from the respective dates set forth [in the judgment]" to the *date of payment* plus the balance of the judgment plus interest on such balance from the date of the judgment to the date of payment.

On June 14, 1973, the plaintiff filed a satisfaction *pro tanto* of the May 23, 1969 judgment and authorized the clerk of the court "to enter this satisfaction pro tanto of record forthwith." The plaintiff did not satisfy the judgment in full because it contended that it was entitled to payment of interest on the interest awarded in paragraph 3 of the May 23, 1969 judgment, from May 23, 1969 until payment, in addition to the other sums awarded by the judgment.

On May 3, 1974 the defendants moved the court for an order providing "that the judgment entered herein on May 23, 1969, has been fully satisfied."

On September 9, 1974 the circuit court entered an order providing "that defendants' motion is allowed and the judgment entered herein on May 23, 1969, is hereby declared to be satisfied in full, together with any attorney's lien created thereby."

The plaintiff appealed to the Court of Appeals from the order of September 9, 1974 contending that said order deprived it of post judgment interest on the pre-

judgment interest included in the May 23, 1969 judgment. The Court of Appeals reversed, holding that plaintiff was entitled to post judgment interest on the prejudgment interest. We granted review.

There is no dispute about the right of the plaintiff to prejudgment interest as provided in paragraph 3 of the May 23, 1969 judgment. This court has consistently held that interest on unliquidated damages for breach of contract is proper where the exact amount of damages is either ascertained or is readily ascertainable and the time from which the interest runs is easily ascertained. *Kreig v. Union Pacific Land Res. Corp.,* 269 Or 221, 234-235, 525 P2d 48 (1974) and cases cited therein.

The prejudgment interest in this case was awarded pursuant to ORS 82.010(1)(a) or ORS 82.010(1)(b), which, in pertinent part, read as follows:

"(1) The legal rate of interest is six percent per annum and is payable on:

"(a) All moneys after they become due; * * *

"(b) Judgments and decrees for the payment of money from the date of the entry thereof unless some other date is specified therein, * * *."

It makes little difference in this case whether the prejudgment interest was allowed under ORS 82.010(1)(a) or ORS 82.010(1)(b) and we need not burden this opinion by considering that question. See, however, *Gow v. Multnomah Hotel, Inc.,* 191 Or 45, 73, 224 P2d 552, 228 P2d 791 (1951).

This court in *Graham v. Merchant,* 43 Or 294, 72 P 1088 (1903) allowed, without comment, post judgment interest on prejudgment interest. In that case the vendor had breached a contract to convey land and the plaintiff elected to rescind and brought an action to recover the amounts he had paid on the contract. The amounts paid by plaintiff purchaser and the dates on which payments were made were not in dispute.

This court held that plaintiff was entitled to inter-

est at the legal rate[1] on all payments made from the date paid until September 12, 1902 when the judgment was entered. This court then computed the interest due when the judgment was entered and entered judgment for the total sum, principal and accrued interest, and then awarded interest on the full amount of the judgment from the date of the judgment until paid.

Defendants concede in their brief that a review of the authorities cited by plaintiff

"* * * support the proposition that a judgment may be entered by a trial court which contains an award for pre-judgment interest in such a manner that the entire amount of that judgment (including pre-judgment interest) will bear post-judgment interest. As indicated above, defendants do not quarrel with this rule, believing that the case of *Graham v. Merchant, supra,* stands for exactly this proposition. * * *"

■ Defendants then argue, in effect, that because the trial court did not compute the interest due on the portions of the judgment listed in paragraph 3 thereof from the dates listed after each item and enter judgment for the total sum of principal and interest that plaintiff is not entitled to post judgment interest on prejudgment interest. We quote again from defendants' brief:

"* * * However, the question before the court at this time presents a much more direct and narrow issue which does not call for the application of the general rule advanced by the plaintiff. The question before the court at the present time *is not* whether an Oregon court can or should enter a judgment which would provide for the payment of post-judgment interest on an award of pre-judgment interest. The issue before this court is whether the judgment of May 23, 1969, when construed in light of the provisions of ORS 82.010, directs the payment of post-judgment interest on pre-judgment interest? * * *"

We think defendants' argument is a mere quibble.

---

[1] In *Graham v. Merchant* the legal rate of interest was 8% until October 14, 1898 and 6% thereafter until the judgment of September 12, 1902 was entered.

We think the judgment of May 23, 1969 should be considered conceptually as if the interest awarded by paragraph 3 of the judgment had been calculated to May 23, 1969 and the amount of such interest added to the principal amount of $1,719,864.19 and judgment entered for the total sum thus ascertained. Viewed in that light, it is clear that the interest was due on May 23, 1969 just as the principal sum was due as of that date and should bear interest from that date until paid.[2]

We attach no importance to the fact that the trial court did not calculate the prejudgment interest and add the amount thereof to the judgment, since such calculation was merely an arithmetical computation which could be done at any time by anyone interested.

The weight of authority favors the allowance of post judgment interest on prejudgment interest. The rule is stated thus in 49 CJS 199, Judgments § 77:

"Ordinarily interest due on the demand on which the action is brought should be calculated and the judgment rendered for the aggregate amount of the demand and interest, and, sometimes by virtue of statutory provisions, the fact that this results in allowing compound interest has been held no objection; * * *"

In 47 CJS 34, Interest § 21 b the rule is stated thus:

"* * * However, while there are some decisions to the contrary it has generally been held that a judgment bears interest on the whole amount thereof, although such amount is made up partly of interest on the original obligation, and even though the interest is separately stated in the judgment. * * *"

From 45 Am Jur 2d 71, Interest and Usury § 78, we quote:

"Although compound interest generally is not allowable on a judgment, it is established that a judgment bears interest on the whole amount from its date even

---

[2]The allowance of prejudgment interest in an action is not a matter of judicial discretion, but is required by ORS 82.010(1)(a) on "all moneys after they become due."

though the amount is in part made up of interest, and this rule applies also to a decree in equity. * * *"

In *Boscus v. Bohlig,* 173 Cal 687, 162 P 100, 102 (1916), the court said:

"It was proper that by the judgment interest due prior thereto should be added to the principal, and that the aggregate amount should thereafter draw interest. * * *"

We also quote from *Rochester Carting Co. v. Levitt,* 36 NY2d 264, 367 NYS2d 242, 245 (1975):

"Interest on a claim or judgment is largely a creature of statute or Constitution. Only with respect to a narrow category of claims does one find a 'legal right' to prejudgment interest at the common law. [Citations omitted.] As for interest on a judgment, there is no common law right [citations omitted]. Post-judgment interest, owing its existence to statute, is subject to reasonable statutory regulation limited only by constitutional interdiction.

"Prejudgment interest is awarded, in the case of injury to, or the loss or destruction of property, on the theory that it is necessary to give full compensation for the loss sustained [citations omitted]. Post-judgment interest, on the other hand, is awarded on a different theory, that is, as a penalty for delayed payment on the judgment [citation omitted]. Typically, then, all interest to which an aggrieved party is entitled as part of his 'full compensation' is incorporated and merged in the judgment."

See, also, *Mitchell v. Flandro,* 96 Idaho 236, 526 P2d 841, 843 (1974); *Hellenic Lines Limited v. Gulf Oil Corp.,* 359 F2d 403, 404 (2d Cir 1966); *North Drive-In Theatre Corp. v. Park-In Theatres, Inc.,* 248 F2d 232, 240-241 (10th Cir 1957); *McFarlane v. Winters,* 114 Utah 502, 201 P2d 494, 495 (1949).

The judgment of the Court of Appeals is affirmed.