Argued and submitted November 7, remanded with instructions November 27, 1984

SOUTHERN OREGON PRODUCTION CREDIT
ASSOCIATION,
*Respondent on review,*

*v.*

GEANEY et al,
*Petitioners on review.*

(82-1179; CA A27360; SC S30776)

692 P2d 83

Jacquelyn Romm, Eugene, argued the cause for petitioners on review. With her on the petition for review and briefs was Cass, Scott, Woods & Smith, Eugene.

Richard A. Stark, Medford, argued the cause for respondent on review. With him on the brief was Haviland & Stark, Medford.

PETERSON, C. J.

### PETERSON, C. J.

Plaintiff lent money to defendants,[1] who signed promissory notes containing this clause:

> "* * * for value received, the undersigned, jointly and severally, promise to pay to the order of Southern Oregon Production Credit Association, * * * [amount] dollars in lawful money of the United States of America, with interest thereon in like money at the rate of 14.4 percent per annum from date until paid, payable at maturity, provided, however, that if such rate of interest is hereafter increased or decreased at any time by Association-Payee, the unpaid principal sums shall bear such increased or decreased rate of interest from the effective date thereof."

The defendants also executed a Membership and Financing Agreement, real estate mortgages and security agreements. All documents were executed on the same day as part of the same transaction.

Defendants did not pay amounts owed to plaintiff when due, whereupon plaintiff filed an action to foreclose defendants' real estate mortgages and security agreements. Plaintiff moved for summary judgment and submitted an affidavit of plaintiff's president, which stated that under the terms of the promissory note defendants Robert C. Geaney and Lulamarie Geaney owed the following sums:

| | |
|---|---|
| "Principal | $225,037.70 |
| 'B' Stock Obligation | 25,005.00 |
| Accrued Interest to | |
| August 31, 1982 | 78,382.53 |
| | |
| Total Amount Due on Note - | |
| Exhibit 'A' to Plaintiff's | |
| Complaint and 'B' Stock for | |
| that Note, plus accrued interest | $328,425.23" |

In addition, the affidavit stated that the following sums were due to plaintiff from defendants Robert C. Geaney and Lulamarie Geaney and defendant Cedar Point:

| | |
|---|---|
| "Principal | $547,798.00 |
| 'B' Stock Obligation | 60,870.00 |

---

[1] Coos County and Pacific Power & Light Company were also named defendants. As used herein, "defendants" refer to defendants Robert C. Geaney, Lulamarie Geaney, and Cedar Point Livestock, Inc.

Accrued Interest to
August 31, 1982                                    172,724.08

Total Amount Due on Note -
Exhibit 'B' to Plaintiff's
Complaint and 'B' Stock for
that Note, plus accrued interest          $781,392.08"

The record shows, without contradiction, that the interest charged by plaintiff was a floating rate, usually about one percent higher than that set by the Federal Intermediate Credit Bank. The floating rate was determined by plaintiff's Board of Directors. The monthly rates charged each month are set forth in the margin.[2]

The complaint was filed in June, 1982. Plaintiff's motion for summary judgment was filed in September, 1982, and the motion was granted in October, 1982. On January 20, 1983, a decree of foreclosure was entered which included these provisions:

"1.   That Plaintiff is awarded Judgment against Defendants Robert C. Geaney and Lulamarie Geaney in the total amount due as of August 31, 1982, in the sum of $328,425.23, with interest at the rate of $112.35 per day for each day after August 31, 1982, until paid;

"2.   That Judgment is granted in favor of Plaintiff and against Defendants Robert C. Geaney, Lulamarie Geaney and Cedar Point Livestock, Inc., in the total amount due as of August 31, 1982, in the sum of $781,392.08, with interest

---

[2]

| Interest Rates | 1980 | 1981 | 1982 |
|---|---|---|---|
| January | 12.75 | 13.30 | 16.75 |
| February | 13.00 | 13.90 | 16.60 |
| March | 13.50 | 14.45 | 16.00 |
| April | 14.30 | 14.85 | 16.05 |
| May | 14.40 | 15.25 | 15.80 |
| June | 14.00 | 15.65 | 16.40 |
| July | 13.55 | 15.90 | 16.10 |
| August | 13.15 | 16.20 | 15.80 |
| September | 12.90 | 16.45 | |
| October | 12.60 | 17.00 | |
| November | 12.65 | 17.05 | |
| December | 12.90 | 16.75 | |

thereon at the rate of $273.49 per day for each day after August 31, 1982, until paid."

The "per day" interest sums of $112.35 and $273.49 are identical to the sums prayed for in the complaint filed in June, 1982.

Defendants appealed. The Court of Appeals affirmed without opinion. In their petition for review defendants assert:

"In this case, the underlying obligation between the parties provided for a 'floating' or 'variable' rate of interest which changed every month. Despite the mandate of ORS 82.010(3) that judgments must reflect the interest rate provided in the contract as of the date of entry of judgment, the judgment in this case reflects an interest rate which was in effect five months prior to entry of judgment.[3]

"* * * * *.

"This result is contrary to the express direction of the statute * * *."

ORS 82.010(3) concerns interest on judgments[4] and provides:

"Except as provided in this subsection, the rate of interest

---

[3]Contrary to defendants' assertion, it appears likely that the interest rate in the judgment is based upon the rate in effect on the day the complaint was filed, not August of 1982, as suggested by defendants. For example, as regards the $112.35 per day interest charge, the principal amount, $225,037, plus the stock obligation of $25,005, totals $250,042.70. Annual interest on $250,042.70 at a rate of 16.4 percent (the rate in effect in June of 1982, when the complaint was filed) is $41,007. Dividing $41,007 by 365 (the number of days in a year) gives us $112.35.

On remand, the judgment should clearly state the interest rate to be charged so that the court staff and other interested persons can determine the current amount due on the judgment. See note 5.

[4] ORS 82.010(1) and (2) concern prejudgment interest and provide:

"(1)   Subject to the limitations in ORS 725.031, or any other provision of law, the rate of interest for any transaction shall be as agreed between the parties to the transaction.

"(2)   The rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on:

"(a)   All moneys after they become due; but open accounts bear interest from *the date of the last item thereof.*

"(b)   Money received to the use of another and retained beyond a reasonable time without the owner's express or implied consent.

"(c)   Money due or to become due where there is a contract to pay interest and no rate specified."

on judgments and decrees for the payment of money is nine percent per annum. Interest on a judgment or decree under this subsection accrues from the date of the entry of the judgment or decree unless the judgment or decree specifies another date. A judgment or decree on a contract bearing more than nine percent interest shall bear interest at the same rate provided in the contract as of the date of entry of the judgment or decree."

Sentences one and three of ORS 82.010(3) concern the *rate* of interest on judgments. Sentence two concerns the *date* from which interest shall accrue on judgments. ORS 82.010(3) is more easily understood and applied if the three sentences, as paraphrased below, are applied in this order:

*Sentence one:* The interest rate for all judgments is nine percent per annum, except as provided in sentence three.

*Sentence three:* If a contract provides for an interest rate exceeding nine percent, the judgment shall bear interest at the rate in effect "as of the date of entry of the judgment."

*Sentence two:* Interest on the judgment accrues from the date of entry, unless the judgment specifies another date.

■    There is no evidence that the calculation of prejudgment or postjudgment interest reflects either the rate agreed to by the parties in the contract, *see* ORS 82.010(1), or the rate specified in the third sentence of ORS 82.010(3). The judgment did not meet the requirements of the third sentence of ORS 82.010(3). It did not provide for "interest at the same rate provided in the contract as of the date of entry of the judgment."[5] The statute permits but one date for the determination of a postjudgment interest rate higher than nine percent, the "date of entry of the judgment."

■    Therefore, this case must be remanded to the trial court for entry of an amended judgment consistent with this opinion.[6]

---

[5] We recognize that ORS 82.010(3) does not expressly require that the judgment state the rate of interest as a numerical percentage. A judgment worded so that the rate of interest could be calculated arithmetically might meet the requirements of the statute in some cases. The preferred approach is for a judgment to expressly state the rate of interest and the date from which the interest runs.

[6] The record shows that the decree of foreclosure, apparently prepared by plaintiff's attorney, was forwarded to defendants' then attorney (defendants have a different attorney on this appeal) on December 30, 1982. As stated, the decree was signed and entered on January 20, 1983. We have no doubt that, had the defendants

Remanded to the trial court.

**CARSON, J.,** concurring.

By remanding this case to the trial court with the direction to enter an amended judgment consistent with the opinion, the majority adheres to a closely followed practice in this court to eschew reaching questions not raised, briefed or argued to the court.

While I generally support the practice to which I make reference, there are times, in my opinion, that the court should give more guidance to the trial court for the assistance of the trial court and, possibly, to avoid the necessity for further appellate review. This is one of those times.

On the facts of this case, the majority correctly concludes that the rate of postjudgment interest is to be fixed at the rate in effect on the date of entry of the judgment, which I assert is January 20, 1983. ORS 82.010(3). The postjudgment interest is to be applied to the judgment, which judgment should include principal and interest accrued thereon to the date of entry of judgment. *Highway Comm. v. DeLong Corp.,* 275 Or 351, 357, 551 P2d 102 (1976). Thus, upon remand, it will be necessary for the trial court to compute the interest accruing on the principal balance, using the appropriate monthly rates, up to the date of the entry of judgment. Interest thereafter on the judgment will be at the rate in effect on the date of the entry of judgment. ORS 82.010(3).

I have concluded that the date of the original entry of judgment, January 20, 1983, is the crucial date to which prejudgment interest and from which postjudgment interest is computed, notwithstanding this court's direction to the trial court to enter an "amended judgment." *See Pearson v. Schmitt,* 260 Or 607, 609, 492 P2d 269 (1971).

Lent, J., joins in this concurring opinion.

---

filed an objection to the form of the decree raising the point discussed in the text, the trial judge would have corrected the decree on the spot. *Compare* ORCP 62.

Because the presentation of evidence normally is completed before the day the judgment is entered, problems may arise relative to the determination of the ORS 82.010(3) proper rate under contracts providing for a floating interest rate as here. In most cases, the problems are not insuperable.