Argued and submitted April 14, reversed June 9, petition for review denied October 14, 2004 (337 Or 547)

Monte JONES,
dba Fish Rite Marine,
*Respondent,*

*and*

Thomas J. WILCOX,
acting by and through Fish Rite Marine,
*Receiver,*

*v.*

Jammie DORSEY,
dba Fish Rite Marine,
*Appellant,*

*and*

FISH RITE, INC.,
*Defendant.*

964639L2; A116841

91 P3d 762

Eugene V. Anderson argued the cause and filed the briefs for appellant.

Matthew G. Fawcett argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

BREWER, J.

## BREWER, J.

Defendant appeals a judgment entered in this action for a partnership accounting and related claims arising out of the breakup of a boat motor repair and service business. After a bench trial, the court held that the parties were partners at will, that defendant had excluded plaintiff from the partnership business and thereby terminated the partnership, and that plaintiff was entitled to an accounting from defendant. The court dismissed plaintiff's remaining claims, and it dismissed each of defendant's counterclaims. Defendant raises several assignments of error that we reject without discussion. On *de novo* review, ORS 19.415(3) (2001),[1] we agree with the trial court's findings of fact. Because we also agree with the court's legal conclusions, we affirm. We write only to address defendant's argument that the trial court erred in awarding plaintiff prejudgment interest on the recovery entered on the accounting claim.

In 1982, plaintiff and defendant entered into an oral partnership agreement to conduct a business known as Fish Rite Marine.[2] That business serviced boat motors and performed service and rigging work on boats, in particular, boats manufactured by Fish Rite, Inc., a corporation that defendant owned with another person. The parties jointly operated the partnership business for 14 years. In November 1996, defendant terminated the partnership and asked plaintiff to leave the business premises. Defendant continued the business at the same location without plaintiff's involvement. Plaintiff then filed this action. As pertinent here, plaintiff asserted in his claim for an accounting that defendant had breached fiduciary duties to plaintiff by (1) excluding plaintiff from the partnership premises; (2) denying plaintiff access to partnership books and records; (3) failing to render

---

[1] Because the judgment was entered before January 1, 2004, the 2003 amendments to ORS 19.415 do not apply. Therefore, we apply the 2001 version of the statute. Or Laws 2003, ch 576, §§ 88, 90a.

[2] The partnership originally included a third partner, Billy Burks. Plaintiff and defendant purchased Burks's interest in 1995, and he is not a party to this action.

information on demand concerning the partnership; (4) failing to formally account to plaintiff; and (5) possessing partnership property for nonpartnership purposes.

The case initially was tried in December 2000. Much of the evidence at trial centered on the parties' disagreement with respect to the value of the business. Both parties presented expert testimony on the subject, and the experts' opinions were widely divergent. After the conclusion of trial, defendant's attorney stated that he recently had learned that a number of documents that plaintiff had requested in the discovery phase of the case had not been produced. As a result, the trial court reopened the case and continued the trial until April 2001. In the meantime, the court ordered defendant to produce additional documents to plaintiff that defendant previously had not provided or had stated did not exist.

Defendant failed to produce many of the requested documents and, after the trial was concluded in April 2001, the trial court awarded plaintiff sanctions under ORCP 46 D. The court found that defendant's

"failure to comply with [p]laintiff's request for production was wilful, [and that a $15,000 award was] reasonable to compensate [p]laintiff for his time, trouble and expenses caused by [d]efendant's repeated failures to comply and that these failures were not justifiable and led to the undue complication and extended delay of this case."

In addition, the court awarded plaintiff a money judgment for his 50 percent share of the value of the business, $45,000, and awarded prejudgment interest on that amount from November 15, 1996, the date on which defendant terminated the partnership and excluded plaintiff from the business.

Defendant raises two substantive objections to the prejudgment interest award. First, defendant asserts that prejudgment interest could not be imposed on the recovery for plaintiff's accounting claim. Second, defendant contends that a prejudgment interest award is permissible only when the amount owed is "either *ascertained* or *ascertainable* by simple computation, or by reference to generally recognized standards such as market price." *Portland Market Co. v.*

*Portland*, 171 Or 522, 625, 138 P2d 916 (1943) (internal quotation marks omitted; emphasis in original). Defendant asserts that the value of the parties' closely held business was hotly contested, that the evidence showed that several different methods could be used to value it, and that the value of the business was neither ascertained nor ascertainable by simple computation. For the following reasons, we reject both of defendant's arguments.

█   The availability of a prejudgment interest award depends, in part, on the nature of the claim at issue. Ordinarily, interest is not chargeable in an accounting by one partner to another. *Liggett v. Lester*, 237 Or 52, 61, 390 P2d 351 (1964). However, there is an exception to that general rule; a "court may, in its discretion, add interest to the share owed by a partner guilty of a fiduciary breach * * *." *Id.*; *Deyoe v. Holloway*, 96 Or App 105, 106, 771 P2d 652, *rev den*, 308 Or 158 (1989). Here, plaintiff pleaded and proved in his accounting claim that defendant breached fiduciary duties owed to plaintiff by excluding plaintiff from the business premises, appropriating the business property to defendant's own use, failing to produce on demand partnership books and records, and failing to formally account for the value of the business. *See McBride v. Fitzpatrick et al*, 224 Or 457, 468, 356 P2d 947 (1960) (holding that partner violated his fiduciary duty by reason of his dominant position coupled with his receipt of the major part of the partnership assets on dissolution). Accordingly, the trial court had discretion to award plaintiff prejudgment interest on the accounting claim, if the other requirements for such an award were satisfied.

██   The rule stated in *Portland Market Co.* applies to legal and equitable claims alike. *See Smith v. Williams*, 98 Or App 258, 263, 779 P2d 1057 (1989) (citing rule and holding, in equitable action for partition and accounting, that "[t]he character of the damages, not the claim, is the determinative factor in awarding prejudgment interest").[3] Moreover, the fact that the amount owed cannot be ascertained without

---

[3] Although money judgments often are awarded in equitable actions for accounting, "damages" are a remedy "at law." Thus, in making the quoted point in *Smith*, we more properly should have used the term "recovery" rather than "damages."

resolving complex issues of fact does not bar a determination that the defendant owed sums certain at a date certain.[4] *Id.* at 264. A prejudgment interest award is especially appropriate where, as here, the complexity in ascertaining the amount owed is attributable, in part, to inadequate record-keeping by the defendant. *Id.* The trial court did not abuse its discretion in awarding plaintiff prejudgment interest on the recovery in his accounting claim.

Affirmed.

---

[4] In *Strader v. Grange Mutual Ins. Co.*, 179 Or App 329, 339, 39 P3d 903, *rev den*, 334 Or 190 (2002), we stated:

"[I]t is well settled that, 'even though damages are not ascertainable until issues of fact have been decided [by the jury], prejudgment interest is proper.' *Goodyear Tire & Rubber Co. v. Tualatin Tire & Auto*, 129 Or App 206, 218, 879 P2d 193 (1994), *aff'd in part, rev'd in part*, 325 Or 46, 932 P2d 1141 (1997). Put another way, '[a]lthough there are questions of fact about the amounts owed, that does not mean that defendant did not owe sums certain at dates certain.' *Hazelwood Water Dist. v. First Union Management*, 78 Or App 226, 231, 715 P2d 498 (1986)."

(Some bracketed material in original.)