SHORR, J.
*398 Defendant appeals a judgment convicting him of felony driving under the influence of intoxicants (DUII), ORS 813.011, as well as other crimes. Under ORS 813.011(1), DUII becomes a Class C felony if the defendant has been convicted of DUII at least two times in the 10 years prior to the date of the current offense. On appeal, defendant assigns error to the trial court's denial of his motion in limine to exclude evidence of his prior 2015 DUII conviction that resulted from a 2005 driving incident. Defendant contends that, under ORS 813.011(1), the date of the commission of the prior offense is the relevant date for determining if there has been a predicate offense within the prior 10 years, not the date of the conviction. We disagree and, for the reasons discussed below, conclude that the trial court did not err when it denied defendant's motion. Accordingly, we affirm.
The relevant facts in this case are procedural and undisputed. The state charged defendant with felony DUII pursuant to ORS 813.011 because defendant had two prior DUII convictions within 10 years of the current offense, which occurred on February 14, 2016. Before trial, defendant moved in limine to exclude from evidence a 2015 DUII conviction that resulted from a 2005 driving incident.[1] Defendant argued that ORS 813.011(1) prohibits the use of the 2015 DUII conviction as a predicate conviction because it arose from conduct that was committed in 2005, more than 10 years prior to the current offense. The trial court denied defendant's motion and admitted the evidence of the prior conviction. Defendant entered a conditional guilty plea to all charges, reserving the right to appeal the court's denial of his motion in limine .
*810 On appeal, defendant reiterates the argument that he made to the trial court. In response, the state contends that the text and context of ORS 813.011(1) support the trial court's conclusion that the 2015 conviction can serve as a predicate conviction under ORS 813.011, even though it *399 arose from conduct that occurred in 2005, because it is the date of conviction of the prior offense that controls. Thus, in the state's view, the trial court correctly denied defendant's motion in limine .
We review a trial court's construction of a statute for legal error. State v. Olive , 259 Or. App. 104, 107, 312 P.3d 588 (2013). Because this case concerns ORS 813.011(1), which was initiated and enacted directly by the voters through a ballot measure, our task is to determine the voters' intention in enacting the law by using the approach outlined in PGE v. Bureau of Labor and Industries , 317 Or. 606, 610-12, 859 P.2d 1143 (1993), as later modified by State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). See State v. Guzek , 322 Or. 245, 265, 906 P.2d 272 (1995) (holding that, in interpreting a statute enacted by initiative, the court's task is to discern the voters' intention). We conclude that the voters' intention is clear from the initiated statute's text and history.
ORS 813.011(1) provides:
"Driving under the influence of intoxicants under ORS 813.010 shall be a Class C felony if the defendant has been convicted of driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction, at least two times in the 10 years prior to the date of the current offense."
Thus, the question presented is whether the term "convicted" or the words "driving under the influence" are modified by the phrase "at least two times in the 10 years prior to the date of the current offense." We conclude that the statutory text is clear that a defendant must have been convicted at least twice in the 10 years prior to the date of the current offense.
The condition in the statute is that, to become a Class C felony, defendant must have been "convicted of driving under the influence * * * at least two times in the 10 years prior to the date of the current offense." ORS 813.011(1). Both prepositional phrases "of driving under the influence" and "at least two times in the 10 years prior" modify the term "convicted." The words "of driving under the influence" explain what a defendant must have previously *400 been "convicted of" to be convicted of a Class C felony under ORS 813.011. The phrase "at least two times in the 10 years prior" also modifies the term convicted and explains when a defendant must have been convicted of those crimes. Thus, the text supports the conclusion that the prior conviction date is the pertinent date for determining whether a prior DUII conviction can serve as a predicate conviction under ORS 813.011(1).
The history of ORS 813.011 also supports that conclusion. As noted, the statute was initiated and enacted directly by the voters through a ballot measure, Ballot Measure 73 (2010). Measure 73 set various mandatory minimum sentences for certain "repeat offenders," including repeat DUII offenders. We look to the materials included in the voters' pamphlet, including the ballot title and explanatory statement of the measure, to help us ascertain the voters' intention. Shilo Inn v. Multnomah County , 333 Or. 101, 129-30, 36 P.3d 954 (2001), modified on recons , 334 Or. 11, 45 P.3d 107 (2002). With respect to repeat DUII offenders, the ballot title summary provided, "Measure makes DUII a Class C felony if defendant [was] previously convicted of DUII, or statutory counterpart, at least twice in prior 10 years." The ballot title summary is clear and further supports the conclusion that it is the dates of the prior convictions for DUII, and not the dates of the commission of those prior crimes, that control under ORS 813.011(1). The ballot title summary does not refer to the dates of the commission of the prior DUII crimes or give those dates any legal significance.
Defendant relies primarily on a single sentence from the explanatory statement: "The measure classifies driving while under the influence of intoxicants as a felony when the person is convicted of committing the crime for a third time in a 10-year period and anytime the person commits the crime thereafter." In the explanatory statement, the phrase "convicted of committing the crime"
*811 refers to a conviction for the crime of "driving under the influence of intoxicants" and is no different than the plain text of the parallel phrase in ORS 813.011, "convicted of driving under the influence of intoxicants." See State v. Gaines , 346 Or. 160, 172, 206 P.3d 1042 (2009) ("[A] party seeking to overcome seemingly plain and unambiguous text with legislative history has a *401 difficult task before it."). Thus, the explanatory statement also focuses on the date of conviction as the pertinent date.
After applying our interpretation of ORS 813.011(1) to the undisputed facts, we conclude that the trial court properly admitted evidence of defendant's 2015 DUII conviction because defendant was convicted within 10 years of the current offense.
Affirmed.

On March 13, 2007, defendant was convicted of a DUII in California for conduct that occurred on or about August 9, 2006. The use of that DUII conviction as a predicate offense for the Class C felony charge under ORS 813.011(1) is not at issue.