Argued and submitted March 30, reversed and remanded August 31, 2022

# ANTHONY V. ALBERTAZZI, P.C.,
*Petitioner-Appellant,*

*v.*

# Stephanie JONES,
*Respondent-Respondent.*

## Deschutes County Circuit Court
## 21CV01605; A176018

517 P3d 340

Petitioner appeals from a corrected judgment and money award confirming an arbitration award against respondent. Petitioner argues that a judgment entered pursuant to ORS 36.715 accrues post-judgment interest under ORS 82.010(2) even when, in the underlying arbitration proceeding, the arbitrator found that the petitioner was not entitled to interest on the unpaid attorney fees. *Held*: An arbitration award and, if applicable, its accompanying money award, are not "judgments" under ORS 82.010(2) and any interest that an arbitrator awards (or chooses not to award) necessarily constitutes post-award but prejudgment interest. Once a judgment confirming an arbitration award is entered, the interest provided for in ORS 82.010 attaches to that judgment. The trial court erred in entering the corrected judgment that eliminated respondent's obligation to pay post-judgment interest.

Reversed and remanded.

Alison M. Emerson, Judge.

Anthony V. Albertazzi argued the cause for appellant. Also on the brief was Albertazzi Law Firm.

No appearance for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Petitioner, a law firm, appeals from a corrected judgment and money award confirming an arbitration award against respondent. Petitioner argues that the trial court erred in ruling that a general judgment confirming an arbitration award does not accrue post-judgment interest under ORS 82.010(2). For the reasons explained below, we reverse and remand.

The relevant facts are procedural and not in dispute. The parties entered into a written fee agreement whereby petitioner agreed to provide legal services to respondent. After petitioner's representation concluded, a dispute arose over the amount still owing to petitioner and whether respondent was required to pay interest on past due amounts under the fee agreement. Petitioner submitted a petition to the Oregon State Bar (OSB) Fee Dispute Resolution Program. As relevant to the issues on appeal, the parties identified two disputes for the arbitration panel to resolve: (1) whether petitioner was entitled to collect interest on unpaid attorney fees, and (2) the amount of respondent's outstanding balance owed to petitioner.

Following an arbitration hearing, the arbitration panel issued an arbitration award that concluded that petitioner was "not entitled to interest" on the amount of fees owed to petitioner because "[r]espondent did not agree to pay interest" and "[p]etitioner did not claim an entitlement to interest or associated legal ground[.]" The panel also resolved the amount of fees that respondent owed petitioner. The presiding arbitrator then issued a money award in favor of petitioner with no "post-award interest[.]"

Shortly thereafter, petitioner initiated the present action by filing a petition with the Deschutes County Circuit Court for an order confirming the arbitration award and money award pursuant to ORS 36.700.[1] The trial court ordered that the arbitration award and money award be

---

[1] ORS 36.700 provides, in relevant part:

"(1) After a party to an arbitration proceeding receives notice of an award, the party may make a petition to the court for an order confirming the award. *** The court shall issue a confirming order unless within 20 days after the petition is served on the other parties:

confirmed and that a judgment in conformity with those awards be entered against respondent. Petitioner then filed a proposed general judgment and money award that claimed an entitlement to post-judgment interest at nine percent per annum.

After the trial court signed and entered the general judgment—which included the proposed post-judgment interest—respondent sent a letter to the trial court about the post-judgment interest. She requested that the trial court "either vacate, modify or amend the judgement *** to reflect the decision arrived upon by the [OSB] and set forth $0 interest[.]"

During the hearing on respondent's motion, petitioner acknowledged that the arbitration panel had found that petitioner was not entitled to post-award interest. But petitioner nonetheless argued that an arbitration award is distinguishable from a "judgment[,]" as ORS 82.010(2) uses that term, and that under ORS 82.010(2), the trial court was required to include post-judgment interest in the judgment confirming the arbitration award. ORS 82.010(2) provides, in relevant part:

"Except as provided in this subsection, the rate of interest on judgments for the payment of money is nine percent per annum. The following apply as described:

"* * * * *

"(b)   Interest on a judgment under this subsection is simple interest, unless otherwise provided by contract.

"(c)   Interest accruing from the date of the entry of a judgment shall also accrue on interest that accrued before the date of entry of a judgment.

"(d)   Interest under this subsection shall also accrue on attorney fees and costs entered as part of the judgment."

---

"(a) A party requests that the arbitrator modify or correct the award under ORS 36.690; or

"(b) A party petitions the court to vacate, modify or correct the award under ORS 36.705 or 36.710."

Upon granting an order confirming an arbitration award, the trial court "shall enter a judgment in conformity with the order [confirming the arbitration award]." ORS 36.715(1).

Petitioner maintained that because the arbitration panel could, at most, enter an arbitration award and corresponding money award, the panel could not, as a matter of law, determine whether petitioner was entitled to post-judgment interest. Thus, the trial court could—and in fact, was required to—award post-judgment interest pursuant to ORS 82.010(2).

The trial court, concerned about "including an interest rate that [the presiding arbitrator] didn't include in her original money award[,]" concluded that the general judgment did not conform to the arbitration award. More specifically, the trial court concluded that "[the presiding arbitrator's] order specifically states that there is no post-award interest rate and that it will not accrue interest post award, and so I am not going to add that now." The trial court then issued an order allowing respondent's request to modify the judgment and entered a corrected judgment and money award. That award provided, in part, that the general judgment was "modified as to the post-judgment interest. No post-judgment interest is awarded."

Petitioner now appeals that corrected judgment. On appeal, petitioner reprises its argument that a general judgment entered pursuant to ORS 36.715 accrues post-judgment interest under ORS 82.010(2) even when, in the underlying arbitration proceeding, the arbitrator found that the petitioner was not entitled to interest on the unpaid attorney fees. Petitioner's argument implicates the interpretation and application of ORS 82.010(2); we thus review for legal error. *See State v. Werner*, 292 Or App 397, 399, 424 P3d 809, *rev den*, 363 Or 744 (2018).

Post-judgment interest under ORS 82.010(2) "is imposed on *all* judgments by operation of law." *Young v. State of Oregon*, 346 Or 507, 515, 212 P3d 1258 (2009) (emphasis added); *see also Chase and Chase*, 354 Or 776, 782, 323 P3d 266 (2014) (interest under ORS 82.010(2)(b) "applies (in the absence of a different contractual arrangement) to all judgments"). Post-judgment interest is awarded on a different theory than prejudgment interest, "that is, as a penalty for

delayed payment on the judgment."[2] *Chase*, 354 Or at 783 (quoting *Highway Comm. v. DeLong Corp.*, 275 Or 351, 358, 551 P2d 102 (1976)).

The question we must resolve, then, is whether the arbitration award—which expressly excluded post-award interest—alters that statutory command.

We conclude that it does not. An arbitration award and, if applicable, its accompanying money award, are not—indeed, cannot be—"judgments," as ORS 82.010(2) contemplates. That much is evidenced by the fact that the legislature enacted a statutory scheme that affirmatively creates a right to ask a trial court to reduce to judgment an arbitration "award." *See* ORS 36.700 - 36.715. Any interest that an arbitrator awards (or chooses not to award) necessarily constitutes post-award but prejudgment interest. Once a judgment confirming an arbitration award is entered, the interest provided for in ORS 82.010 attaches to that judgment.

We thus conclude that the trial court erred in entering the corrected judgment that eliminated respondent's obligation to pay post-judgment interest.

Reversed and remanded.

---

[2] Prejudgment interest, on the other hand, is awarded "on the theory that it is necessary to give full compensation for the loss sustained." *Chase*, 354 Or at 783 (quoting *Highway Comm. v. DeLong Corp.*, 275 Or 351, 358, 551 P2d 102 (1976)).