No. 53          January 29, 2025          545

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Laurie CUMMING,
*Plaintiff-Appellant,*

*v.*

Laurie NIPPING
and Kent Nipping,
*Defendants-Respondents.*

Lane County Circuit Court
161224954; A179012

Jay A. McAlpin, Judge.

Argued and submitted September 7, 2023.

Matthew J. Kalmanson argued the cause for appellant. Also on the brief were Ruth A. Casby and Hart Wagner LLP.

No appearance by respondents.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Plaintiff challenges the trial court's denial of pre-judgment interest on her money award for the wrongful transfer of $300,000 in trust assets to defendants. In a single assignment of error, plaintiff asserts that the trial court erred by failing to award prejudgment interest under ORS 82.010(1)(a). As explained below, ORS 82.010(1)(a) requires prejudgment interest when the amount and due date are ascertainable. Here, plaintiff pleaded and proved the amount due from defendants and the date on which that amount was due. Accordingly, we reverse and remand.

We review the trial court's decision on whether to award prejudgment interest for errors of law. *JH Kelly, LLC v. Quality Plus Services, Inc.*, 305 Or App 565, 588, 472 P3d 280 (2020). This case is on appeal for the third time, and we briefly recapitulate the pertinent facts, which are described in more detail in our prior decisions. *See Cumming v. Nipping*, 285 Or App 233, 234-35, 395 P3d 298 (2017) (*Cumming I*); *Cumming v. Nipping*, 310 Or App 780, 781-85, *rev den*, 368 Or 787 (2021) (*Cumming II*). During their marriage, plaintiff's father and stepmother, Whiteneck, created a trust. Plaintiff's father died in 1999, and the trust split into two trusts, Trust A, a revocable trust known as the survivor's trust, and Trust B, an irrevocable trust known as the tax credit trust. Whiteneck had unlimited access to the income and principal from Trust A. Access to Trust B was more limited such that Whiteneck could use only "as much of the net income" from Trust B "as the trustee, in the trustee's discretion, shall deem necessary for [Whiteneck's] proper health, maintenance, support and education," taking into consideration her other income and resources as the trustee deems advisable. At all relevant times, the only asset in Trust B was a condominium in California known as "Seagate." Whiteneck had discretion to encumber Seagate with a mortgage "for any valid trust purpose." Under the terms of the trust, upon Whiteneck's death, the assets in Trust B were to go to plaintiff and plaintiff's children, subject to any valid encumbrances.

In 2008, Whiteneck moved to Oregon to be closer to her granddaughter and granddaughter's husband, Laurie

and Kent Nipping, defendants in this appeal. Wanting Whiteneck to live with them, defendants found a farmhouse—the Kropf property—that they wanted to buy and fix up because it was big enough for all of them to live together. The property did not qualify for conventional financing due to its deteriorated condition, and thus it had to be bought with cash. Defendants suggested that Whiteneck borrow $300,000 against Seagate to purchase it. Whiteneck agreed. On October 7, 2010, Whiteneck took Seagate out of the trust, and transferred the title from the trust to herself personally. She then obtained a mortgage on Seagate in her own name and put Seagate—now encumbered by a $300,000 mortgage—back into the trust via another change of title. Whiteneck then used the $300,000 from the mortgage to buy the Kropf property, deeding a one-half interest to herself and a one-half interest to defendants.

After Whiteneck's death, defendants inherited her personal one-half interest under the terms of her will, and plaintiff obtained title to Seagate. Sometime later, plaintiff discovered the $300,000 mortgage on Seagate, after it had gone unpaid for nearly a year, such that Seagate was about to go into foreclosure. Plaintiff filed this action, asserting as pertinent here, that defendants had been unjustly enriched by Whiteneck's violation of the terms of the trust. Plaintiff's lawsuit sought, among other relief, that defendants be required to pay off the promissory note and reimburse any note payments made by plaintiff plus prejudgment interest, or, alternatively, the Kropf property be recognized as subject to a constructive trust.

The trial court denied plaintiff's claim for unjust enrichment, concluding that it was not inequitable and it would not shock the conscience if defendant retained the Kropf property. *Cumming I*, 285 Or App at 235-37. On appeal, we concluded that the trial court did not apply the correct standard to evaluate an unjust enrichment claim, and we vacated the judgment and remanded the case back to the trial court to analyze plaintiff's claim under the legal standard described in *Tupper v. Roan*, 349 Or 211, 243 P3d 50 (2010) (explaining that to establish an unjust enrichment claim, the plaintiff must show (1) the property interest that

rightfully belongs to the plaintiff was taken or obtained by someone else under circumstances that were in some sense wrongful or inequitable, (2) the person who now possesses the property is not a bona fide purchaser for value and without notice, and (3) by clear and convincing evidence that the property in the hands of that person is the very property that rightfully belongs to the plaintiff or is a product of or substitute for that property). *Cumming I*, 285 Or App at 241-42. On remand, the trial court made findings of fact based on the original trial record, applied the *Tupper* standard, and again denied plaintiff's unjust enrichment claim. *Cumming II*, 310 Or App at 784-85. Plaintiff appealed for a second time.

We again reversed and remanded the case, concluding that plaintiff satisfied the *Tupper* standard and thus established her unjust enrichment claim. *Id.* at 781, 789-93.

On remand for the second time, plaintiff moved for entry of judgment, electing as her remedy the pleaded request for the recovery of money including prejudgment interest. Plaintiff argued that prejudgment interest was mandatory because there was no dispute about how much was taken and that the money that was wrongfully taken on October 7, 2010, was due back that same day, thereby satisfying the only requirements to prejudgment interest under ORS 82.010(1)(a). Defendants objected, arguing that (1) ORS 82.010(1) did not apply because unjust enrichment is not a "transaction" within the meaning of the statute; (2) ORS 82.010(1) did not apply because plaintiff's money award arose from a claim in equity; and (3) the trial court had discretion in whether or not to award prejudgment interest and that the court should deny the request because there was no malice by defendants and the length of time that it took to resolve the case.[1]  Plaintiff replied that a showing of malice was not needed to prove entitlement to prejudgment interest and that the "transaction" was the wrongful burdening of

---

[1] Defendants made the second argument despite the guidance provided in *Jones v. Dorsey*, 193 Or App 688, 692, 91 P3d 762 (2004) (explaining that the prejudgment interest rule described in *Public Market Co. v. Portland*, 171 Or 522, 625, 138 P2d 916 (1943), applies to both legal and equitable claims), and *Smith v. Williams*, 98 Or App 258, 263, 779 P2d 1057 (1998) (explaining that "[t]he character of the damages, not the claim, is the determinative factor in awarding prejudgment interest").

Seagate with a mortgage and taking of equity in the property. Plaintiff reiterated that, because the date and sum of the mortgage—or the "transaction"—were certain, there was sufficient proof of entitlement to prejudgment interest.

The trial court awarded plaintiff a money judgment but denied prejudgment interest, concluding that ORS 82.010(1)(a) did not apply. The court reasoned that there was not a transaction within the meaning of the statute, and that the statute did not cover circumstances in which the transaction and the due date are contemporaneous. Plaintiff timely appeals.

On appeal, plaintiff argues that the trial court erred because an award of prejudgment interest is mandatory when, as here, the exact amount and the due date are certain, and there is a transaction within the meaning of ORS 82.010(1). Defendants did not file an answering brief and thereby waived appearance on appeal.[2] *See* ORAP 5.60 (providing that, "[i]f the respondent files no brief, the cause will be submitted on the appellant's opening brief"). As explained below, we conclude that there was a transaction within the meaning of ORS 82.010(1) under these circumstances, and because the amount and due date are certain, the trial court was required to award prejudgment interest.

ORS 82.010 provides, in part:

"(1)   The rate of interest for the following transactions, if the parties have not otherwise agreed to a rate of interest, is nine percent per annum and is payable on:

"(a)   All moneys after they become due[.]"

Prejudgment interest is payable when the exact amount is either ascertained or ascertainable by simple computation, and the time from which interest must run—the time when the "moneys *** become due"—can be ascertained. *Public Market Co. v. Portland*, 171 Or 522, 625, 138 P2d 916 (1943). The character of the damages, not the claim, is the determinative factor in awarding prejudgment interest, and the

---

[2] Defendants, who were no longer represented by counsel, did file a one-page letter with the court that was made part of the appellate record.

action need not be on a contract. *Smith v. Williams*, 98 Or App 258, 263, 779 P2d 1057 (1998); *see also Mayer v. Bassett*, 263 Or 334, 349, 501 P2d 782 (1972) (concluding that when the parties are in equity, ORS 82.010(1)(a) provides a right to prejudgment interest). Moreover, the allowance of prejudgment interest is not a matter of judicial discretion and is required by ORS 82.010(1)(a) on "all moneys after they become due." *Highway Comm. v. DeLong Corp.*, 275 Or 351, 357 n 2, 551 P2d 102 (1976) (internal quotation marks omitted).

Here, there is no dispute that the amount taken was $300,000, which was used to invest in the Kropf property. Furthermore, there is no dispute that the date it was taken was October 7, 2010, which is when the debt was incurred and the duty to pay back the trust arose. Thus, plaintiff proved the exact amount due and the time it became due. Accordingly, ORS 82.010(1)(a) requires that prejudgment interest be awarded to plaintiff.

To the extent that the trial court concluded that the transaction was not covered by ORS 82.010(1), that conclusion is not supported by the statute or our caselaw. Although the term "transaction[]" is not defined by statute for purposes of ORS 82.010(1), plaintiff asserts that wrongfully taking the property out of the trust to encumber it with a mortgage and placing it back into the trust was a transaction that falls within ORS 82.010(1). We need not analyze the full scope of what is a transaction for purposes of ORS 82.010(1). For purposes of this case, we conclude that it is clear that wrongfully burdening Seagate with a mortgage qualifies as a transaction. *See Smith*, 98 Or App at 263 (explaining that it is the character of the damages, not the claim, that is the determinative factor in awarding prejudgment interest, and the action need not be on a contract). Accordingly, that action was a transaction within the scope of the statute.

Furthermore, to the extent that the trial court concluded that the statute does not contemplate scenarios when the transaction and the due date are contemporaneous, we reject that determination. Application of ORS 82.010(1)(a) turns on whether the due date and exact amount are

ascertainable; it does not specify that the date of the transaction and the due date cannot be the same date. Indeed, the Oregon Supreme Court recognized nearly 50 years ago that ORS 82.010(1)(a) does not allow for judicial discretion and requires prejudgment interest on all moneys after they become due. *See DeLong Corp.*, 275 Or at 357 n 2.

Ultimately, because ORS 82.010(1)(a) requires prejudgment interest when the amount and due date are ascertainable, and because plaintiff pleaded and proved the amount due from defendants and the date from which it was due, the trial court erred in denying prejudgment interest.

Reversed and remanded.